THE BOARD OF COMMISSIONERS OF MIAMI COUNTY *et al.* v. F. M. WILGUS, *as surviving partner of A. & F. M. Wilgus, et al.*

TOWN-SITE — *Plat Filed* — "*Seminary Square*," *Belongs to the Public.*
Where a town company owns a piece of land, and lays it out into a town-site, and files a plat thereof in the office of the register of deeds, and this plat shows the land to have been laid out and divided into lots, blocks, streets and alleys, and all the blocks except two are numbered, and are also divided by an alley running through them east and west, and are also subdivided into lots, and each lot is numbered, and neither of the two blocks above mentioned is divided or subdivided or numbered, and one of them is marked on the plat "Public Square" and the other is marked on the plat "Seminary Square," and they are not designated in any other manner, and all the lots are sold to purchasers, and the "Public Square" is used as a public square

or park, and "Seminary Square" remains vacant and unoccupied until after all the lots are sold and the town-site becomes a city, *held*, that "Seminary Square" belongs to the public for seminary purposes; and *further held*, under the circumstances of this case, that it makes no difference whether the plat filed by the town company in the office of the register of deeds was ever acknowledged, or not.

### *Error from Miami District Court.*

ACTION to quiet title. Judgment for defendants *Wilgus* and others, at the October term, 1887. The plaintiffs, the *County Board* of Miami county and the *Board of Education* of the city of Paola, bring the case here. The opinion states the material facts.

*J. D. Snoddy*, and *W. T. Johnston*, for plaintiffs in error.

*W. R. Wagstaff*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The principal question involved in this case is with regard to the ownership and status of a certain block or square of ground in the city of Paola, generally known as "Seminary Square." Originally the land which afterward became the town-site of what is now the city of Paola was Indian land, allotted and belonging to Baptiste Peoria. He was an Indian, and could not sell or convey the land except with the consent of the secretary of the interior. The Paola Town Company was a corporation organized in 1855. (*Krutz v. Paola Town Co.*, 20 Kas. 397; *Paola Town Co. v. Krutz*, 22 id. 725.) The town company purchased the land from Peoria, and he and his wife executed a deed therefor to the town company on December 13, 1860, and the secretary of the interior approved the same on February 12, 1861, and the same was recorded on March 21, 1861. On April 17, 1861, the town company filed in the office of the register of deeds its map or plat of the town, now city, of Paola. This plat shows the land to have been laid out and divided into lots, blocks, streets, and alleys. All the blocks except two were numbered, and were also divided by an alley running

through them east and west, and were also subdivided into lots, and each lot was numbered; but neither of those two blocks or squares above mentioned was divided, or subdivided, or numbered. One of them was marked on the plat "Public Square," and the other was marked on the plat "Seminary Square," and they were not designated in any other manner. In 1865 the town company ceased to exist as a corporation, but its affairs were afterward managed by W. R. Wagstaff until they were finally settled. On June 30, 1871, Wagstaff, as agent for the Paola Town Company, executed a quitclaim deed to the city of Paola for the "Public Square," designating it as "block 34." This block has been improved and beautified, *and has at all times* been used by the public as a public square or park. On April 4, 1881, W. G. Krutz and wife executed a quitclaim deed to W. R. Wagstaff and the Paola Town Company for all Krutz's interest in the Paola Town Company, and on November 27, 1882, Wagstaff, as "manager of the late corporation known as the Paola Town Company," executed a deed of conveyance to Alfred and Francis M. Wilgus for "Seminary Square," designating the same in the deed as "block 25." On September 3, 1886, W. G. Krutz and wife executed a quitclaim deed for "Seminary Square" to the board of education of the city of Paola, and on the same day the city of Paola by its mayor executed a deed for the same property to the said board of education. Up to the time of the execution of the deed from Wagstaff to the Wilguses, and afterward, "Seminary Square" remained vacant and unoccupied, and not in the actual possession of anyone; but some time afterward the Wilguses took the possession of the square, and planted a large number of walnut trees thereon. Afterward, and about June 15, 1886, the city of Paola took the possession of the square, and inclosed it with a barbed-wire fence; but afterward the Wilguses again got the possession of the same, and they and their successors held the possession thereof up to the time of the commencement of this action. From the time of the filing of the town plat aforesaid up to the time when the town company went out of existence it never exer-

cised any control over "Seminary Square," but always treated it as public ground; and after the town company ceased to exist as a corporation, and up to the time when all its affairs were settled by Wagstaff, who was the general manager thereof, and afterward up to the time when Wagstaff executed the deed to the Wilguses, this square or block was never considered as any part of the assets of the corporation, but was always treated as public ground, to be used for seminary purposes; and up to that time it was never assessed or taxed, which it would have been if it had been considered private property. Other things occurred after the organization of the Paola Town Company, and up to the time when the company obtained its title to the Paola town-site, which we have not deemed material to this case and have not mentioned. There are still other facts which we have omitted, not deeming them material. Indeed we have mentioned only such of the facts as we thought might possibly have some bearing in the case.

The only question now presented in this case is, whether this "Seminary Square" belongs to the public for seminary purposes, or whether it belongs to F. M. Wilgus, surviving partner and trustee of A. & F. M. Wilgus. We think it belongs to the public; and as authority for this opinion, see the following cases: *Comm'rs of Franklin Co. v. Lathrop,* 9 Kas. 453; *Comm'rs of Wyandotte Co. v. Presbyterian Church,* 30 id. 620; *Maywood Co. v. Village of Maywood,* 118 Ill. 61; same case, 6 N. E. Rep. 866, and note; *San Leandro v. Le Breton,* 72 Cal. 170; *Weeping Water v. Reed,* 21 Neb. 261; same case, 31 N. W. Rep. 797; *Scott v. City of Des Moines,* 64 Iowa, 438; *Reid v. Board of Education,* 73 Mo. 295. A seminary is certainly such a public institution that the public may take charge of and operate the same. See our constitution and laws relating to schools and institutions of learning. In the case of *Chegary v. Jenkins,* 5 N. Y. 378, it is said that "a seminary of learning is a school, and a school is a seminary of learning." In the case of *Curling v. Curling,* 33 Am. Dec. 475, it is held that a "devise to a public seminary is a valid

charity;" and see the definitions of the word "seminary" in any of the dictionaries.

It is said, however, by counsel for Wilgus, that the plat filed in the register's office was not acknowledged by the town company. Now the record is not very clear upon this subject, but even if it is a fact that such plat was not acknowledged, still it can make no possible difference so far as this case is concerned. If the plat was never acknowledged, then the town company and its agents committed a great many violations of law by selling and conveying town lots before such plat was acknowledged. (Laws of 1859, and Comp. Laws of 1862, ch. 24, § 5; see also Laws of 1855, ch. 156, § 5; and *Bemis v. Becker*, 1 Kas. 227.) The town company and its agents, from the beginning, sold and conveyed, and continued to sell and convey, town lots from the aforesaid plat, and as shown by such plat, until all its lots were sold and the town-site had become a city; and all this took place before Wagstaff executed the aforesaid deed to the Wilguses. And therefore in our opinion the purchasers of the aforesaid lots had the right to believe that the aforesaid block designated on the plat as "Seminary Square" would be devoted to seminary purposes, and that it would forever belong to the public for such purposes. And in our opinion neither the Wilguses nor any other person or persons claiming under the deed from Wagstaff to the Wilguses have any right to claim that the aforesaid block shall be devoted to any other than public seminary purposes. Besides, see § 28 of the conveyance act of 1868, which is still in force, and which makes all instruments in writing affecting real estate, and which were then recorded in the office of the register of deeds, notice to all persons and competent evidence, although not acknowledged, to the same extent that such instruments would be notice or evidence if the same had been duly and completely acknowledged.

Upon the facts of this case, and the authorities above cited, we think that "Seminary Square" in the city of Paola belongs to the public for seminary purposes; and as the judgment of the court below was rendered upon a different view

of the law, such judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.