F. M. Wilgus, *as Surviving Partner of A. & F. M. Wilgus,* et al., v. The Board of Commissioners of Miami County *et al.*

1. Case, *Followed.*   The case of *Comm'rs of Miami Co. v. Wilgus,* 42 Kas. 457, followed.

2. "Seminary Square"—*Dedication—Statute of Limitations.*   Where the Paola Town Company filed in the proper office of register of deeds its map or plat of the city of Paola on April 17, 1861, with a square thereon designated as "seminary square," and the town company and its agents sold and conveyed lots from its plat, until all its lots were sold, and the town site had become a city, and from the time of the filing of the town plat up to the time the town company went out of existence it never exercised any control over "seminary square," but always treated it as public ground, and after the company ceased to exist as a corporation, and up to the time when all of its affairs were settled by its general manager, the "square" was never considered as a part of the assets of the corporation, but always treated as public ground, to be used for "seminary purposes," and from April 17, 1861, to November 27, 1882, it was never assessed or taxed, *held,* that the mere fact that the "square" was vacant and unoccupied for more than 25 years, awaiting the time when the necessities of the public demanded it for seminary or school purposes, will not prevent "the board of education of the city of Paola" from taking possession thereof and using it for school purposes on account of any supposed bar of the statute of limitations.

*Error from Miami District Court.*

All the material facts of this case appear in the opinion herein, filed January 5, 1895.

*W. R. Wagstaff,* for plaintiffs in error.

*J. D. Snoddy,* and *W. T. Johnston,* for defendants in error.

The opinion of the court was delivered by

Horton, C. J.: This case has been here before. (42 Kas. 457.) After the opinion was handed down at the July term of this court for 1889, reversing the judgment, a new trial was had, commencing on the 3d of March, 1890, before the court, a jury having been waived. Special findings of fact

were made by the court to the effect that "seminary square, in the city of Paola, belongs to the public for seminary purposes." It is insisted that the issues last tried were materially different from those on the former trial. An examination of the record shows, however, that the alleged differences are so slight as to be immaterial, in view of the special findings of the court. The facts regarding the ownership and status of "seminary square," in the city of Paola, are fully stated in the former decision of *Comm'rs of Miami Co. v. Wilgus,* 42 Kas. 457. It appears from the special findings in the record that from April 17, 1861, when the town company filed in the office of the register of deeds its map or plat of the town of Paola, having thereon two blocks or squares, one being on the plat marked "public square," and the other marked "seminary square," up to November 27, 1882, and sometime thereafter, "seminary square" remained vacant and unoccupied, but that afterward, under a deed of conveyance from Wagstaff, "as manager of the late corporation known as the Paola Town Company," A. & F. M. Wilgus took possession of the "square," and planted a large number of walnut trees thereon. But about June 15, 1886, the city of Paola took possession of the "square," and inclosed it with a barb-wire fence, but afterward the Wilguses again obtained possession, and they and their successors held possession up to the 10th of September, 1886, the time of the commencement of this action.

It is insisted that the evidence contained in the record shows that the Paola Town Company never yielded possession of "seminary square" to the custody or control of the public, but, on the contrary, that the company, during its lifetime, and, after its dissolution, the manager thereof, held the possession adversely to the public. In support of this contention it is said that the evidence shows the burial of dead bodies in the "seminary square," and that the town company and its agents permitted "seminary square" to be used as a place for circuses or public shows. An examination of the evidence shows that the burial of dead bodies in the "square" was the

result of carelessness or mistake.　The evidence that the manager of the corporation, for family tickets, permitted the use of the "square" two or three times for circuses, does not go very far—not far enough to overthrow the findings of the trial court that, "up to the time when the company went out of existence, it never exercised any control over 'seminary square,' but always treated it as public ground, and that the sole manager always treated it as public ground, to be used for 'seminary purposes.'"

It is next insisted that, as more than 25 years elapsed from April 17, 1861, the time of the filing of its map or plat by the Paola Town Company, to the 15th of June, 1886, when the plaintiffs below first took possession of "seminary square," the statute of limitations has run, and prevents the city of Paola, or the board of education of that city, from constructing a school building on the "square," and from claiming any interest, title or possession thereof.　We think otherwise. The facts stated when the case was here on the former hearing were such as to present this question for decision, if it had then been raised.　It was not then urged or discussed. As "seminary square" was, within the prior decision of this court, dedicated to the public for "seminary purposes," the fact that it continued vacant and unoccupied, awaiting the time when the necessities of the city of Paola and the public demanded it for school purposes, does not bring into existence the statute of limitations.　This is not like the case of *City of Pella v. Scholte*, 24 Iowa, 283, where the original proprietor of the town held open and visible possession of "garden square" for the statutory period for the limitation of real actions, claiming he had never relinquished, but retained, the title thereof.

As soon as any adverse possession was attempted to be taken of the "square" by private parties against the rights and interest of the public, the board of education of the city of Paola, in behalf of the citizens of Paola and the public, resisted such wrongful possession.　When ousted of its possession, it brought this action in less than four years after the

date of the deed of Wagstaff to A. & F. M. Wilgus, and within a few months after the Wilguses had ousted the city. Therefore, upon the findings of fact, which are sustained by the testimony, the statute of limitations has no application. From April 17, 1861, to November 27, 1882, none of the defendants below were in the actual, open or adverse possession of the "seminary square," as against the city of Paola, or the board of education of that city, or the public. The judgment will be affirmed.

All the Justices concurring.