DEPRIEST

*v.*

JONES.

(*Supreme Court of Appeals of Virginia, April 4, 1895.*)

[21 S. E. Rep. 478.]

**Dedication of Street—Proof of Acceptance.**

An act reincorporating a town, "as the same has been or may be laid off in lots, streets, and alleys," furnishes proof of the acceptance of the dedication to the public of the streets and alleys previously laid off.

**Obstruction of Street—Adverse Possession.**\*

One cannot acquire by adverse possession the right to shut up or obstruct a public highway.

**Deeds—Recitals in—Purchaser Charged with Notice.**

Where a conveyance of lots refers to a certain plan of a town for complete description, the grantee is charged with knowledge of all the facts to be ascertained by an inspection of said plan.

Appeal from circuit court, Augusta county.

Bill by Benjamin Jones against Adda K. Depriest for an injunction. From a decree for plaintiff, defendant appeals. Affirmed.

*J. & J. L. Bumgardner,* for appellant.

*John N. Opie,* for appellee.

\*See foot-note to Norfolk City *v.* Chamberlaine, 29 Gratt. 534 (Va. Rep. Anno.), and foot-note to Taylor *v.* Com., 29 Gratt. 780 (Va. Rep. Anno.); also, monographic note on "Adversary Possession" appended to Nowlin *v.* Reynolds, 25 Gratt. 137 (Va. Rep. Anno.), and monographic note on "Municipal Corporations" appended to Danville *v.* Pace, 25 Gratt. 1 (Va. Rep. Anno.).

Keith, J., delivered the opinion of the court.

Benjamin Jones filed his bill in the circuit court of Augusta county making Adda K. Depriest defendant, and stating that he is the owner of a certain house and lot in the town of Mt. Sidney, in the county of Augusta, bounding upon a 16-foot alley running west of and parallel to the Valley turnpike, the principal street of the town ; that this alley was laid off and was upon the plat of the town when it was originally incorporated ; that until recently he has had ingress and egress to and from his lot over the premises of the adjoining public school, but, the school property having been inclosed, he is cut off from its further use. He avers that the alley is now open its whole length, as laid out on the maps of the town, except in the rear of lots 40 and 41, which belong to the defendant, who persists in keeping it closed, thus shutting the plaintiff out from all enjoyment of his right to use the alley aforesaid as a public highway ; and being thus, as he claims, unjustly deprived of his right, he prays that the defendant may be enjoined from interfering with his use of the alley, and for such other and general relief as the nature of his case requires. The defendant answers under oath, and denies every material allegation of the bill. She avers that she purchased the lot in question by deed from Dinkel and wife, in 1885 ; that at the time of the purchase there was no alley in the rear of the premises, and, as she is informed and believes, had never been such an alley as plaintiff claims, or any alley whatever ; that, on purchasing the property, she employed competent counsel to examine the title, and the abstract of title was submitted to her running back to one George Sampson, who on March 3, 1835, conveyed the lot to William Gambill, from whom she deduces her title; and that during all that time the property has been fenced just as it was at the time the bill was filed. Numerous depositions were taken by both parties. It does not appear when the town of Mt. Sidney was first incorporated, but it is

proved that a great many years ago there was a plat made of it, and from that plat it appears that it was regularly laid off into lots, streets, and alleys. April 7, 1882, the general assembly reincorporated the town of Mt. Sidney, in the county of Augusta, "as the same has been or may be laid off in lots, streets, and alleys." This act, I consider, furnishes full proof of the acceptance of the dedication to the public of the streets and alleys as they had been theretofore laid off. Among these streets and alleys is the alley in question, running west and back of lots 40 and 41. It appears, too, that at one time, about the year 1854, the lot upon which the plaintiff now resides, and lots 40 and 41, were owned, or at least occupied, by Charles K. Hyde, and this alley, which had been opened prior to that time, was some time during his occupancy suffered to fall into disuse, though never entirely closed until some time about the year 1872. The defendant relies upon adversary possession for more than 20 years. This defense cannot be made by one who undertakes to shut up or obstruct a public highway. See Taylor v. Com., 29 Grat. 780 ; Norfolk City v. Chamberlaine, Id. 534 ; Yates v. Town of Warrenton, 84 Va. 337, 4 S. E. 818. It appears that for a long time the land west of this alley was uninclosed ; that the greater part of it was woodland ; and that access to the lot upon which the plaintiff resides could be had from the adjacent schoolhouse grounds. When other convenient modes of ingress and egress were obstructed, the right to the use of the alley was at once asserted. The defendant's title papers disclose the existence of this alley, or point to the source from which information on the subject was to be derived. She purchased from Dinkel and wife, who in turn purchased of Tunis Schwartz, and in the deed of conveyance from Schwartz to Dinkel, and from Dinkel to the defendant, distinct refer ence is made to the fact that lots 40 and 41 are described in the "plan" of the town of Mt. Sidney, to which "plan" the grantee is directed for a more full and complete description. When the defendant purchased, therefore, she

was charged with the knowledge of all the facts she could have ascertained had she prosecuted the obvious inquiry suggested to her by her own title papers. She would have found to be true just what Watson, the agent of Tunis Schwartz, told her grantor, Dinkel, when he purchased the lots in question,—''that he was entitled to the lots with seventy feet front, and three hundred and eleven feet, and perhaps a little fraction more than that, in depth; that the citizens might want the alley west of and in rear of lots 40 and 41 open some time, and that he reserved that; and that he had no right to sell it, and did not sell it.'' She would have found that the legislature of Virginia had, by the act referred to, incorporated the town of Mt. Sidney, and in doing so had adopted the streets and alleys theretofore established, and had thus, prior to her acquisition of any interest in the property in dispute, completed, by acceptance, the dedication of the streets and alleys made at some former period. We are not to be understood as placing the right of the appellee to the relief granted him upon the fact of notice, whether express or implied. What we have said on that subject was intended merely to show that appellant purchased either with her eyes open, or willingly closed to the existence of the alley in rear of lots 40 and 41. We are therefore of opinion that there is no error in the decree of the circuit court of Augusta county, and the same must be affirmed.