JOHN FORBES v. THE BOARD OF EDUCATION OF THE CITY OF FORT SCOTT.

**No. 268.**

DEDICATION—*Grants and Gifts—Doctrine of Cy-pres.* The doctrine of *cy-pres* applications of grants and gifts, as recognized and made the basis of the decision in *Comm'rs of Miami Co. v. Wilgus,* 42 Kan. 457, is followed in the present case, and it is *held,* that a dedication of a block of land in the city of Fort Scott, by the filing of a plat whereon the block was designated as "University Square," in connection with other facts set forth in the record, vested the title of the land in the board of education of that city.

Error from Bourbon district court; J. S. WEST, judge. Opinion filed June 15, 1898. Affirmed.

*E. M. Hulett,* for plaintiff in error.

*E. F. Ware,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action involves the ownership of block 142 in the city of Fort Scott, said block having been designated on the original plat of the town site as "University Square," and being commonly so known. From a judgment in favor of the defendant in error, as plaintiff below, Forbes brings proceedings in error.

The legislature of the territory of Kansas, in the year 1855, by three separate acts, incorporated the

town of Fort Scott, the Fort Scott Town Company, and the Fort Scott University. The Fort Scott University was never organized and its corporate powers expired by limitation one year from the date of its incorporation. The town company filed its plat in 1857 and began selling lots. In 1860, the legislature reincorporated the Fort Scott Town Company, and the company then reorganized and refiled its original plat and continued the sale of lots, leaving University Square as before. This square remained vacant until 1883, when Forbes took possession of it under deeds executed by one Wilson, who was at all times secretary of the town company, as attorney in fact for George A. Crawford, who was president of the company from the date of its organization till it ceased to do business as a company. There is nothing in the record to show any authority on the part of Wilson to execute the deeds for Crawford. After taking possession of the square, Forbes caused it to be assessed for taxation. It had never before been assessed or taxed, and was usually designated on the assessment lists as "public property." The charter of the company was perpetual, and it was never dissolved by the incorporators or by law. The deeds to Forbes did not purport to be executed by the town company, and the claim of Forbes is that, through a division of the property made by the incorporators in 1868 or 1869, Crawford and Wilson became entitled to block 142 along with other property. The record shows that practically all the other shareholders of the company — there was no capital stock, simply ten equal shares — except Wilson and Crawford, accepted property in lieu of their interests in the company and ceased to be shareholders therein; but it also shows that the interests retained by Crawford and Wilson were in the

name of the town company, and that the latter continued to do business through them for several years after the above-mentioned change took place. On the original plat and on the plat as refiled, the following language in respect to University Square is printed :

"Schools, etc.—The Kansas conference of the Methodist Church South is taking measures to establish a seminary here. There is a good school in operation under its care. 'The Fort Scott University,' chartered by the legislature, is expected to receive a grant of lands from congress. The company has laid off lots for the use of it and the various churches. It is expected that handsome edifices will soon be erected on them. ( Signed )     George A. Crawford,
                                   *President."*

From Mr. Crawford's testimony, it appears that the platting and survey of the town site were left to him by the directors, and that he named the streets and squares. We quote a portion of his testimony :

"Block 142 was named 'University Square.' There was at that time a charter given by the legislature for a 'University of Fort Scott,' and the name 'University Square' was given to the square with reference to that proposed institution. The ground was set apart primarily for its use. In the event that it should not be used under said charter, it was still set down as a public square, and not marked off into lots as were the other blocks which were reserved for the company. Our company took no further action in regard to it, except to name it and leave it undivided into lots, and to dedicate it by the filing of the plat to such public use ; my idea being, if not used for the university, it would be used for some educational purpose. As an officer of said town company, I never made any other disposition of block 142 than the naming of it and the platting of it, and such a disposition as its dedication might involve. The block was never parceled out among the stockholders of the company when they divided up the property."

In 1887, and after this action was commenced, the legislature passed a special act granting to the board of education of the city of Fort Scott all title and interest of the state of Kansas in and to University Square, it being so designated in the act in addition to a description by boundaries.

We think the foregoing facts, properly considered, bring this case within the scope of the decision in *Comm'rs of Miami Co. v. Wilgus*, 42 Kan. 457, in which the doctrine of *cy-pres* applications of grants and gifts of property for charitable, and especially educational, uses was recognized and made the basis of the decision.   In that case the board of county commissioners of Miami county and the board of education of the city of Paola joined as plaintiffs in an action to quiet title to a block known as "Seminary Square."   The facts as stated in the opinion of the court were quite similar to the facts in this case.   The court held that Seminary Square belonged to the public for seminary (that is, school) purposes.   Counsel for plaintiff in error concedes that the decision in the case just cited would be controlling here, and that the platting of block 142 as University Square might be held to have been a dedication of the tract to the city for educational purposes, were it not that the language employed by the town company as printed in the plat shows a clear intention on the part of the town company to devote the block to a specific use ; that is, to the Fort Scott University.

As the "university" had no existence, according to the letter of the incorporating statute, when the plat was first filed, and was indisputably defunct when the plat was refiled, it seems proper to hold that the explanatory words printed on the plat referring to University Square lost all their force and meaning and

were in legal effect expunged at a date certainly not later than the year 1860. After that date the plat should have been read with these words eliminated. So read, the principle of law declared in *Comm'rs of Miami County v. Wilgus*, supra, is precisely applicable to the facts here presented. See, also, *Wilgus v. Comm'rs of Miami Co.*, 54 Kan. 605, which involves the same property and some of the questions which were involved in the case last cited.

We conclude, therefore, that the Fort Scott Town Company, by its acts, effectually dedicated University Square to an educational use, for the benefit of the inhabitants of the town (now city) of Fort Scott, and that, under the evidence presented in the record, and under the law as declared by our supreme court, the title to the square was vested in the board of education of that city at the commencement of this action. The act of the legislature in respect to the property in controversy has an effect equivalent to that of a disclaimer. The judgment of the district court is affirmed.