JOHN GADARL, *Appellant,* v. THE CITY OF HUMBOLDT et al., *Appellees.*

No. 17,386.

#### SYLLABUS BY THE COURT.

1. CITIES—*Recording Plat of Addition—Fee of Streets—Dedication.* By virtue of section 6 of chapter 78 of the General Statutes of 1868, the filing and recording of a plat of an addition to a city by the proprietor thereof vests the fee of the streets shown by the plat in the county for public purposes, and no formal acceptance by the city or user by the public is necessary to perfect the dedication.

2. ——— *Same.* When the title to a city street has once become vested in the county for the public benefit, such title can not be impaired by any inaction or delay on the part of public officials in devoting the property to the uses to which it has been dedicated. No equities can arise in favor of an individual who takes private possession. His occupancy is subject to the paramount right of the public, and such right may be asserted against any private. appropriator whenever the public convenience or necessity may suggest.

Appeal from Allen district court. Opinion filed May 11, 1912. Affirmed.

*E. B. Hughes, J. R. Miller,* and *Burton E. Clifford,* for the appellant.

*G. A. Amos,* city attorney, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The plaintiff was denied an injunction to prevent the opening of a street in the George W. Hoss addition to the city of Humboldt, and appeals.

In 1871 George W. Hoss, the owner, filed a plat of the addition, upon which the street in question is designated and described. The territory covered by the plat had previously been taken into the city by ordinance and city taxes have been levied upon it and duly collected ever since. The street had never been opened or traveled but the city authorities were about to make it available for public use when they were arrested by a restraining order procured by the plaintiff. The plaintiff purchased in 1908 and erected a house within four feet of the street line. He constructed a cistern in the street and the opening of the street will sacrifice trees and shrubbery which have been planted and are growing there. In 1906 the plaintiff's immediate grantor took and recorded a conveyance of the tract which expressly excepted streets. Other deeds in the plaintiff's chain of title described blocks in the addition by number, and while it was owned by one Hartman, who purchased in 1902, two petitions to vacate the streets were denied by the city council.

The plaintiff argues that the dedication was not accepted by the city or by the public and consequently that the right to use the street was lost.

The filing and recording of the plat operated to convey the fee of the street to the county for the public purpose for which it was intended. (Gen. Stat. 1868, ch. 78, § 6, Gen. Stat. 1909, § 5523.) No formal acceptance by the city or user by the public is necessary to perfect a statutory dedication of this character. The fee passes from the owner beyond power of resumption and vests absolutely in the county, forever, in trust for public use. (*Wood v. National Water Works Co.*, 33 Kan. 590, 596, 7 Pac. 233.) The simple fact of dedi-

cation makes the street a highway without anything more. (*Osage City v. Larkin,* 40 Kan. 206, 210, 19 Pac. 658.) A street may not be available for use by the public when the plat is filed. Nevertheless the city, as the public agent having control of streets, may wait until its resources will permit, or until the public need demands, before it undertakes to open the way or to improve it so that it will be fit for travel; and meanwhile all persons in possession hold subject to the paramount right of the public. (*Giffen v. City of Olathe,* 44 Kan. 342, 350, 24 Pac. 470.)

The plaintiff claims that the street was abandoned and consequently that the city should now be enjoined from interfering with his possession.

The doctrine of abandonment is the last refuge of those who, like the plaintiff, suffer from unfortunate mistakes regarding the extent of their property rights. It is also the last refuge of the rapacious and the greedy, who are watchful for opportunities to gain private advantage at the public expense. In its application the doctrine always involves nonuse, misuse, or adverse use. It has been asserted in one form or another, and has been repudiated, in respect to city streets (*Giffen v. City of Olathe,* 44 Kan. 342, 24 Pac. 270; *Harden v. Metz,* 10 Kan. App. 341, 58 Pac. 281) ; an alley in a city (*Osage City v. Larkin,* 40 Kan. 206, 19 Pac. 658) ; other public highways (*Webb v. Comm'rs of Butler Co.,* 52 Kan. 375, 34 Pac. 973; *Eble v. The State,* 77 Kan. 179, 93 Pac. 803) ; and grounds of various descriptions dedicated to the public by the filing of plats under the statute cited above: "Church Lot" (*Comm'rs of Wyandotte Co. v. Presbyterian Church,* 30 Kan. 620, 1 Pac. 109) ; "Seminary Square" (*Wilgus v. Comm'rs of Miami Co.,* 54 Kan. 605, 38 Pac. 787; *Comm'rs of Miami Co. v. Wilgus,* 42 Kan. 457, 22 Pac. 615) ; "University Square" (*Forbes v. Board of Education,* 7 Kan. App. 452, 53 Pac. 533) ; "Levee" (*McAlpine v. Railway*

*Co.,* 68 Kan. 207, 75 Pac. 73) ; "Square" (*Daughters v. Riley County,* 81 Kan. 548, 106 Pac. 297).

When the title to a city street has once become vested in the county for the public benefit such title can not be impaired by any inaction or delay on the part of public officials in devoting the property to the uses to which it has been dedicated, or by the action of such officials except through proceedings to vacate taken according to law. No equities can arise in favor of an individual who takes private possession. His occupancy is subject to the paramount right of the public and such right may be asserted against any private appropriator whenever the public convenience or necessity may suggest. In the case of *McAlpine v. Railway Co.,* 68 Kan. 207, 75 Pac. 73, it was held that abandonment can not be recognized as a cause for reverter unless it should become impossible to realize the purpose of the dedication. The syllabus reads:

"Land dedicated to a public use does not revert to the dedicators because of misuse or nonuse, unless its use for the dedicated purpose has become impossible, or so highly improbable as to be practically impossible." (Syl. ¶ 3.)

Such being the law, it is not necessary to discuss other matters referred to in the brief as affecting the judgment.

The judgment of the district court is affirmed.