No. 35,206

In the Matter of the Estate of Lucy L. Ahlborn Weeks, Deceased. A. J. SCHMEDEMANN, Executor of the Estate of Lucy L. Ahlborn Weeks, Deceased, *Appellee*, v. IDA E. (DAY) HYLAND et al., *Appellees*, TOWN OF BUREN-ON-AARE IN THE DISTRICT OF BUREN, IN THE CANTON OF BERN, SWITZERLAND, *Appellant*.

(114 P. 2d 857)

Opinion filed July 5, 1941.

*I. M. Platt, Howard W. Harper,* both of Junction City, *G. Detjen* and *C. W. Detjen,* both of St. Louis, Mo., for the appellant.

*U. S. Weary,* of Junction City, *A. W. Relihan* and *T. D. Relihan,* both of Smith Center, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Lucy L. Ahlborn Weeks, a childless widow, residing

in Geary county, died testate June 11, 1940. Her will was duly admitted to probate and an executor was appointed. Upon the petition of the executor the probate court, under the provisions of the probate code (Laws 1939, ch. 180, § 270; G. S. 1939 Supp. 59-2402) certified to the district court the question of the legality of item 2 of the will. The district court, after a hearing, held the legacy and devise set out in the item to be void as being in violation of our statute (Laws 1939, ch. 180, § 38; G. S. 1939 Supp. 59-602), and that the property attempted to be disposed of by that item descends to the heirs at law of the testatrix. The beneficiary under the item has appealed. The item reads:

"I direct that all property which I may own, or be in any way or manner entitled to at the time of my death, remaining after the payment of my legal debts and the cost of administering my estate, be the same real, personal or mixed and wheresoever situated, shall be converted or reduced to cash by the executor hereof, hereinafter named, within six months from the date of his appointment and qualification, and such executor is hereby empowered and authorized to sell, deed, transfer, assign and convey my said property not reduced to cash by me in my lifetime, without proceedings or order of court, for the best cash price obtainable in his judgment and all the proceeds of my estate and property, so reduced to cash, remaining after the payment of my legal debts and cost of administering my estate, I will and bequeath to the Town of Buren-on-Aare, in the District of Buren, in the Canton of Switzerland, in trust however for the use and purpose of building and equipment of a hospital in said town or district in the manner hereinafter specifically set forth, to wit:

"The town council of Buren-on-Aare shall appoint a board of trustees, the members to serve without compensation, consisting of five members, who are well qualified residents of said district of Buren, not municipal officers of said town or district, one appointed for a term of one year, one for two years, one for three years, one for four years, one for five years, and shall maintain said board of trustees at full membership by appointing a successor to the member whose time expires for a full term of five years, and to fill all vacancies caused by death, resignation, removal from the said district or other cause, for the unexpired term of such member.

"The Board of Trustees so appointed and constituted shall complete the organization within the period of six months fixed for the payment of the proceeds to the treasurer thereof by electing from their members a president, a secretary and a treasurer, who shall be bonded for the faithful discharge of his duties as such treasurer and accounting for all money coming into his possession as such officer in a sum not less than double the amount to be paid to him as provided herein.

"The duties of such president, secretary and treasurer shall be the usual and ordinary duties of such officers for the purposes designated.

"At the expiration of six months after the appointment and qualification of the executor of this will, and upon full and satisfactory proof of the appoint-

ment, organization and qualification of said board of trustees made by the municipal officers of said town of Buren-on-Aare, said executor shall pay to the treasurer of said board of trustees said remainder of the proceeds of my estate. Said board of trustees shall without unnecessary delay use and apply said proceeds solely in building and equipping a hospital, within the District of Buren, for the treatment of diseases in general and surgery, said hospital to be designated and known as THE HENRY CHRISTIAN FREDERICH AND MARGARET BUREN AHLBORN HOSPITAL, to be operated and used under such rules and regulations as said board of trustees shall provide for the purpose."

The pertinent portion of the statute in question (Laws 1939, ch. 180, § 38, G. S. 1939 Supp. 59-602) reads:

"(1) Any devise of real estate located in this state, and any bequest of any personal property by a resident of this state, without regard to the time when the will containing such devise or bequest shall have been made, to any foreign country, subdivision thereof, or city, body politic, or corporation, located therein or existing under the laws thereof, or in trust or otherwise to any trustee or agent thereof, except devises and bequests to institutions created and existing exclusively for religious, educational, or charitable purposes, is hereby prohibited. Any such devise or bequest shall be void. . . ."

The validity of this statute is not questioned on this appeal. Counsel for appellant first argue the will is effective irrespective of the statute. In this connection they point out the fact the will was executed September 7, 1929, and the statute in question was not effective until July 1, 1939. They concede the general rule to be that a statute enacted after a will is executed and before the death of the testator is controlling on the construction of the will, if it is clear, as it is here, the legislature so intended, citing Thompson on Wills, 2d ed., sec. 25; but argue the rule should not apply because of the asserted insanity of the testatrix since 1933. There is no evidence in the record of the insanity of testatrix at any time. This point appears from the record not to have been presented to or passed upon by the trial court. Even if it were true, we do not see how it would affect the validity of the will. The statute makes no such exception. So far as the statute is concerned, the provision in the will is either good or bad without regard to the sanity or insanity of the testatrix at some time after the will was executed.

It next is argued the trustees provided for in the will should be construed as an institution within the meaning of the exception in the statute. If so construed, they concede it was not an institution which had been created and which was existing at the time the will became effective, but argue the time should be construed to be six months later, when the executor was directed to turn over the funds,

and say if the trustees were appointed by that time they should be held to be an institution authorized to take. This argument is not convincing. The exception in the statutes pertains to outright gifts, in which the title passes from donor to donee, and not to gifts in trust. In 5 R. C. L. 315 it is said:

"There is a broad distinction between a gift direct to a charity or charitable institution already established and a gift to a trustee to be by him applied to a charity." (See *Bradley v. Hill*, 141 Kan. 602, 613, 42 P. 2d 580.)

Gifts in trust, or otherwise, to any trustee or agent of a foreign country, district or city, are prohibited and declared void in the principal portion of the section. The exception pertains to outright gifts "to institutions created and existing exclusively for . . . charitable purposes." We think the trustees to be appointed cannot be such an institution. Appellants cite Zollman, American Law of Charities, sec. 345, to the effect that for a charitable gift to be valid it is not necessary for the corporate donee to be in existence when the gift takes effect; that a gift may be made to a corporation to be formed. This may be conceded, but the author was not dealing with a statute such as ours, neither is the discussion applicable to our statute. The main provision of the statute is a limitation upon testamentary power—the exception lifts that limitation for certain purposes only—for gifts to institutions created and existing exclusively for religious, educational or charitable purposes—not in trust to any type of trustee, nor to corporations or institutions to be organized.

Quite a little is said in the briefs as to whether the erection and equipment of a hospital "for the treatment of diseases in general and surgery" is a charitable purpose.

In view of what has been said, perhaps the determination of that question is not important in this case. We note the entire fund was to be used in constructing and equipping the building. None of it was to be used for maintenance or operation, and the will contains no hint of from what source funds are to come for those purposes. It was to be designated and known as The Henry Christian Frederick and Margaret Buren Ahlborn Hospital. We are told in the brief these are the names of the parents of testatrix. This indicates the principal or one of the principal purposes was to erect a monument to their memory. It was "to be operated and used under such rules and regulations as said board of trustees shall provide for the purpose." Whether a hospital is properly characterized as a charity

depends on how it is operated (*Nuns of St. Dominic v. Younkin*, 118 Kan. 554, 235 Pac. 869). The testatrix did not specifically require the hospital to be operated as a charitable institution, unless the fact of the fund being a gift "to the Town of Buren-on-Aare . . . in trust . . . for the . . . purpose of building and equipment of a hospital," and upon the theory that the only kind of a hospital the city could maintain and operate would be one for charitable purposes. Our cities (*Treadwell v. Beebe*, 107 Kan. 31, 190 Pac. 768) and counties (*Rishel v. McPherson County*, 122 Kan. 741, 253 Pac. 586) may accept gifts for charitable purposes. In the absence of any showing to the contrary we may assume that is true of towns and districts in Switzerland. But so construed, the attempted gift was to the Town of Buren-on-Aare, and comes within the specific prohibition of the statute. The general rule is that a gift to a corporation for a purpose for which it was formed is a gift to the corporation and not in trust. (*Zabel v. Stewart*, 153 Kan. 272, 109 P. 2d 177.)

It seems clear the attempted gift was to the town, as distinct from being to trustees, and that the primary purpose of the testatrix was to have constructed and equipped for use as a hospital a building which would be a memorial to her parents, rather than to make a gift for general charitable purposes.

Finally, appellant contends that the doctrine of *cy pres* should be applied in the event the attempted gift in question is held to be void, and suggests that the court find a way of utilizing the fund by the creation of an endowment of an already existing hospital in Buren-on-Aare, or one such to be created. The contention is not well founded. The doctrine never is applied to convert a gift prohibited by law into a valid charity.

"The doctrine of *cy pres* does not justify appropriating an invalid gift to a valid charitable purpose." (10 A. J. 682; 5 R. C. L. 369. To the same effect, see 11 C. J. 360.)

We see no purpose here in an extended discussion of the *cy pres* doctrine. It may be found in any of the authorities last cited, or in 14 C. J. S. 512-520. Counsel have cited no Kansas decisions in which the doctrine has been applied by name. Our limited time for research has disclosed but two. (*Forbes v. Board of Education*, 7 Kan. App. 452, 53 Pac. 533, and in language used in the first decision in *Troutman v. De Boissiere O. F. Orphans' H. & I. School Ass'n*, not reprinted in the state reports but found in 64 Pac. 33-39.) As used

in this state the doctrine seems to be no more than the application of rules long used by courts of equity in interpreting written instruments to ascertain the intention of the grantor or testator, and in carrying out such intention. Such rules have been applied by this court in a large variety of cases, but never to carry out an intention that is a direct violation of law, nor for a purpose foreign to what is determined to be that of the grantor or testator.

We find no error in the record. The judgment of the court below is affirmed.

ALLEN, J. (dissenting) : In 2 Bogert on Trusts, § 369, it is stated:

"The courts have manifested a very friendly attitude toward instruments which are alleged to set up charitable trusts. They are very desirous to find a charitable intent and to carry it out, if at all possible. They will examine a will or deed and the attendant circumstances with the utmost care to find grounds for decreeing the existence of a charitable intent, if there is any reason therefor. They will make every reasonable effort to hold that the trust is purely charitable, and not a mixed charitable and private trust which would be invalid. They will be impatient with objections to the alleged charity on the ground of weaknesses with regard to the plans of administration or details of execution. And they will be liberal in adjudging charitable a purpose which the settlor thought charitable, if they see any reasonable amount of social benefit accruing from the trust." (p. 1129.)

In the succeeding paragraph the learned author quotes from *Bowditch v. Attorney General,* 241 Mass. 168, 134 N. E. 769, 28 A. L. R. 713, where it was stated: "Charitable uses are favorites with courts of equity. The construction of all instruments where they are concerned is liberal in their behalf." (p. 176.) Also from *Walker v. Central Tr. & Sav. Bank,* 318 Ill. 253, 256, where the court said: "In construing such gifts, if there are two possible methods of construction, one of which will render the gift valid and the other invalid, courts will adopt the construction which will sustain the gift."

That a benignant construction will be placed on charitable bequests in this state is shown by *Treadwell v. Beebe,* 107 Kan. 31, 190 Pac. 768. In that case a bequest to a city as trustee for the aid of deserving persons suffering from cancer was upheld. Dawson, J., now Chief Justice, speaking for the court, used the following emphatic language:

"The provision for the assistance of persons afflicted with cancer is also a public philanthrophy, and one which the testator, himself a long sufferer and victim of that disease, had a right to make, and which the city has power to accept and administer. This court would greatly regret it if law or precedent compelled us to hold the contrary." (p. 39.)

A trust to establish and maintain a hospital is charitable. *Nuns of St. Dominic v. Younkin,* 118 Kan. 554, 235 Pac. 869. The rule is universal. 10 Am. Jur. 636.

A municipal corporation may act as trustee of a charitable trust. (*Treadwell v. Beebe,* supra.) Restatement, Trusts, § 378, *Comment d,* reads:

"A municipal corporation may act as trustee for such purposes as fall within the scope of permitted activities of municipalities. These include such charitable purposes as promotion of education, relief of poverty, protection of health, construction and maintenance of public parks, buildings and works, and the like. Ordinarily, however, a municipal corporation cannot act as trustee for religious purposes."

In the will before us the testatrix declared:

". . . I will and bequeath to the town of Buren-on-Aare, in the district of Buren in the canton of Bern, Switzerland, in trust however for the use and purpose of building and equipment of a hospital in said town or district in the manner hereinafter specifically set forth."

Then follows a provision that the town shall appoint a board of trustees to complete the organization of the hospital and that a treasurer should not be appointed to receive the proceeds of the estate. The will then states:

". . . Said board of trustees shall without unnecessary delay use and apply said proceeds solely in building and equipping a hospital, within the district of Buren, for the treatment of diseases in general and surgery, said hospital to be designated and known as The Henry Christian Frederick and Margaret Buren Ahlborn Hospital to be operated and used under such rules and regulations as said board of trustees shall provide for the purpose."

The will seems to contain every ingredient of a valid charitable trust. The intention is manifest and the language explicit.

The suggestion that the principal or one of the principal purposes of the trust was to erect a monument to the memory of the parents of testatrix is not borne out by the will. The purpose of the will was to build and equip a hospital "for the treatment of disease in general and surgery." The name by which the hospital was to be known did not affect the validity of the trust. That is a common provision in such charitable gifts.

The fact that an organization was to be perfected within six months to administer the trust did not nullify the trust. See 2 Bogert on Trusts, § 344.

In the opinion it is stated:

"It seems clear the attempted gift was to the town, as distinct from being to trustees, and that the primary purpose of the testatrix was to have con-

structed and equipped for use as a hospital a building which would be a memorial to her parents, rather than to make a gift for general charitable purposes."

But the only gift to the town was as trustee. The statute does not preclude a foreign town or city from acting as trustee. But if the town could not act as trustee it would not affect the trust. Equity will not allow a trust to fail for want of a trustee. That rule applies to charitable trusts.

The opinion states that the entire fund was to be used in constructing and equipping the building and that no provision was made for maintenance or operation. Does the charity fail because a fund for its maintenance and operation was not provided? If this is the holding of the court, no authority is cited to sustain the proposition. In Restatement, Trusts, § 372, it is stated that a trust to establish or maintain a hospital is charitable.

Upon what ground, then, was the trust destroyed and the charitable purpose of the testatrix thwarted? The court holds that the testamentary gift was invalidated by our recent statute G. S. 1939 Supp. 59-602, which reads:

"1. Any devise of real estate located in this state, and any bequest of any personal property by a resident of this state, without regard to the time when the will containing such devise or bequest shall have been made, to any foreign country, subdivision thereof, or city, body politic, or corporation, located therein or existing under the laws thereof, or in trust or otherwise to any trustee or agent thereof, except devises and bequests to institutions created and existing exclusively for religious, educational, or charitable purposes, is hereby prohibited. Any such devise or bequest shall be void."

What restrictions on testamentary gifts were imposed by the statute?

The first clause of the statute forbids an outright devise or bequest of property to a foreign country or municipality. The clause "or in trust or otherwise to any trustee or agent thereof," if it means anything, would seem to prohibit the gift to an agent or trustee of the municipality for the benefit of the municipality.

The only testamentary gifts, then, that are prohibited by the statute are, (1) direct gifts to the foreign country or municipality, and (2) to an agent or trustee for the benefit of the city.

The statute does not forbid gifts to individuals or citizens of a foreign country or municipality. It does not forbid a foreign city from acting as trustee of a charitable trust—the restriction is imposed only on beneficial gifts to such municipality.

Restatement, Trusts, § 368, reads:

"Charitable purposes include—
- (a) the relief of poverty;
- .(b) the advancement of education;
- (c) the advancement of religion;
- (d) the promotion of health;
- (e) governmental or muncipal purposes;
- (f) other purposes the accomplishment of which is beneficial to the community."

While a trust for the erection or maintenance of public buildings, bridges, streets, highways, parks or other public works, or for other governmental or municipal purposes would be a charitable trust and valid under our law (Restatement, Trusts, § 373), yet such a trust for the benefit of a foreign city would be void under the statute.

But while a trust to establish or maintain a hospital is charitable, it is not for governmental or municipal purposes as understood and used in the law of charities and would not fall within the ban of the statute.

The exception in the statute exempts from the operation of the statute testamentary gifts "to institutions created and existing exclusively for religious, educational or charitable purposes." The exception, it may be observed, does not restrict testamentary gifts in any particular; on the contrary, it permits certain charitable gifts, that would otherwise fall within the ban of the statute.

If the trust for the hospital was not prohibited by the statute, with what show of reason can it be asserted that the exception, which contains no restrictions, could accomplish that end?

It is said the exception applies only to outright gifts in which the title passes from the donor to the donee.

In Restatement, Trusts, Introductory to chapter 11 (Vol. 2, page 1093), it is stated:

*"Charitable Corporations.* Property may be devoted to charitable purposes not only by transferring it to trustees for such purposes, but also by transferring it to a charitable corporation for any of the purposes for which the corporation is organized or for a particular one of its purposes. Where property is given to a charitable corporation, a charitable trust is not created, even though by the terms of the gift the corporation is directed to hold the principal forever and to devote the income only to the accomplishment of the purposes of the corporation, and even though by the terms of the gift the corporation is directed to use the property only for a particular one of its purposes. Thus, if a gift of property is made to an incorporated educational institution with a direction to invest the principal and use the income in paying the salary of

a professor of mathematics, a charitable trust is not created, but the institution is the owner of the property, though it holds it for this particular charitable purpose.

"Although a gift to a charitable corporation for one or for any of its purposes does not create a charitable trust, the rules of law which are applicable are to a large extent those which are applicable to charitable trusts, since the ends to be served are the same. The differences are due to the fact that different juridicial devices are employed.

"Where property is given to a charitable corporation, the disposition is valid although the corporation is directed to hold the principal and to devote the income perpetually to the accomplishment of the purposes of the corporation and although the corporation is directed to use the property only for one of its purposes. The Attorney General can maintain a suit not only to enforce a charitable trust, but also to compel a charitable corporation to apply property held by it to the charitable purposes for which it is given to the corporation. The doctrine of cy pres (see § 399) is applicable to charitable corporations as well as to charitable trusts."

An outright gift to a charitable institution is a gift to aid in carrying out the purpose for which the corporation was organized. *Matter of Hart*, 205 App. Div. 703, 200 N. Y. S. 63. It is submitted the gift in the will before us cannot be so classified. By the express language of the will it was a charitable trust and was not within the letter or spirit of the statute.

In *Dodge et al. v. Williams et al.*, 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103, RYAN, C. J., stated:

" 'Every sane man must be allowed to make his own contract as well as his own will,' says Gibson, C. J. That great jurist plainly suggests that courts have no more authority to make wills for the dead than contracts for the living, according to judicial notions of fitness and propriety. (*Bash v. Bash*, 9 Pa. St. 260.) Breaking a will is very much like making one; imposing upon the testator the statutes of descent and distribution against his solemn wish in dying. Perhaps courts have been quite too willing to do so. There is a vicious notion prevalent that any will not acceptable to the testator's next of kin may be broken in the courts upon very frivolous grounds. But every one should have the same power to dispose, by will, after his death, in accordance with his own wishes, of whatever he may leave behind him in his own sole right, as he had in life to dispose of it by contract or by gift. And it is as much the duty of courts to uphold and enforce his will after death, as to uphold and enforce his contracts made during life." (p. 90.)

(In the case before us the will was dated September 7, 1929. On June 9, 1933, the testatrix was adjudged insane. On July 1, 1939, the statute G. S. 1939 Supp. 59-602 was enacted. On June 11, 1940, the testatrix died.)

But if we must declare the will void, then the court should direct the application of the property to some charitable purpose which

falls within the general charitable intention of the testator. The doctrine of cy pres is thus formulated in the Restatement of Trusts, § 399:

"If property is given in trust to be applied to a particular charitable purpose, and it is or becomes impossible or impracticable or illegal to carry out the particular purpose, and if the settlor manifested a more general intention to devote the property to charitable purposes, the trust will not fail, but the court will direct the application of the property to some charitable purpose which falls within the general charitable intention of the settlor."