WM. H. BROOKS JR. v. THE CITY OF TOPEKA, *et al.*

1. CITY—*Plat of Addition, When Operative.* Before a plat of an addition to a city will operate as a grant of streets thereon designated, it must be made, acknowledged and recorded conformably to the requirements of the statute.

2. ———— No one other than the owner, or some one authorized to act for him, can plat or lay out a town or an addition thereto, so as to convey to the public for its use, the streets and alleys designated on such plat.

3. ADDITION TO CITY; *Plat; Intention of Owner; Evidence.* H., who owned a tract of land adjoining the city, surveyed and platted an addition thereto, laying it off into lots with streets and alleys intersecting the same. A few days before acknowledging and recording the plat, he conveyed a tract of land to L., the description of which included a part of the street as designated on the plat of the addition. After the plat had been duly acknowledged and recorded, L. sold land adjoining the addition and which fronted upon the street in question, and in the conveyance referred to the plat previously filed by H., and also directed the surveyor who surveyed the land sold by him, to lay it out so that it would be bounded by the street designated on the plat, and stated to parties interested that such street should remain open to the public use as platted. *Held,* That the unequivocal recognition of the plat by L. after it had been duly acknowledged and recorded, and his acts and declarations concerning the street, are sufficient evidence of an intention on his part to dedicate the land in controversy to the use of the public as a street.

4. PUBLIC STREET; *Intention to Dedicate; Evidence.* To constitute a dedication of land for a public street it is not essential or necessary that

there should be a formal grant or written conveyance. Any act of the owner clearly indicating an intention to dedicate the land for public use, and its acceptance by the public authorities, is sufficient.

*Error from Shawnee District Court.*

ACTION by *Brooks* against *The City of Topeka* and others, to perpetually enjoin the defendants from interfering with his possession of a certain strip of land. Judgment for defendants at the January Term, 1884. *Brooks* brings the case here. The opinion states the facts.

*Waters & Chase,* and *Joseph S. Ensminger,* for plaintiff in error.

*A. B. Quinton, W. P. Douthitt,* and *F. G. Hentig,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The question in this case is, whether a certain strip of land three hundred and and twenty feet long and sixty-five feet wide is a part of Eighth avenue, in the city of Topeka. By the recorded plat of one of the additions to the city of Topeka, it appears to constitute a part of the avenue; but William H. Brooks jr., the plaintiff, claims that it has never been dedicated to the public, and that he is the owner thereof. He brings this action against the city of Topeka, together with its engineer and street commissioner, alleging ownership in himself, and that the city and its officers were attempting and threatening to take possession of the same; and he asks that they may be enjoined from so doing.

The district court found generally in favor of the defendants, and rendered judgment in their favor. The plaintiff complains here that this judgment is not sustained by sufficient evidence, and is contrary to law. From the record it appears that in 1859 D. H. Horne was the owner of a quarter-section of land lying immediately west of Topeka as it was then organized. In that year he surveyed and platted an addition to the city of Topeka on the northern portion of said tract, naming it "Horne's addition", and making it conform

in the matter of streets, alleys, blocks and lots with the plan of the city of Topeka. The addition extended as far south as Eighth avenue, and by the plat this avenue is shown to be one hundred and thirty feet wide, and to include the strip of land in controversy here. The plat, however, was not filed for record until February 11, 1862. Before the last-mentioned date, and on December 17, 1861, Horne and wife conveyed a tract of thirty-three acres, lying south of the addition, to D. L. Lakin. The deed of conveyance described this tract by metes and bounds, and defined the northern boundary to be the center of Eighth avenue, as extended through Horne's addition. On November 21, 1867, Lakin, by metes and bounds, conveyed the land to the plaintiff. On December 1, 1869, the plaintiff conveyed this and other lands to William H. Brooks sr.; and he, in turn, on January 30, 1873, reconveyed the same to the plaintiff, who now claims to be the legal and equitable owner thereof.

The plaintiff contends that while Horne intended and attempted to dedicate the land as a part of Eighth avenue, yet having conveyed the same to Lakin, his grantor, before the acknowledgment and recording of the plat of the addition, there was no complete dedication by Horne nor by any of the subsequent owners. Notwithstanding this fact, we think the testimony was sufficient to uphold the finding and judgment of the court below that the land had been dedicated to the public for a street by D. L. Lakin after it had been conveyed to him. It is conceded by the plaintiff that if Horne had owned the strip of land in dispute at the time of the acknowledgment and filing of the plat, there would be no question but that it would constitute a part of Eighth avenue. Horne not only made a plat upon which Eighth avenue was laid out as a street, but he sold lots with reference and according to such plat. And so far as he is concerned, there is manifestly an unmistakable purpose to dedicate the land in question for a public street. There is testimony in the record that from the time of the platting of the addition the street as laid out by him was adopted and traveled by the public con-

tinuously for about ten years without obstruction or question. We shall assume, however, that there was no complete dedication of the land in dispute when it was conveyed from Horne to Lakin. Before the plat would operate as a grant of the land to the public for use as a street, it must have been acknowledged and recorded conformably to the requirements of the statute. And to make such plat effectual as a grant it must be made and acknowledged by the owner of the land. As before stated, the deed to Lakin had been executed and delivered before the plat was acknowledged and recorded.

1. Plat of addition to city, when operative.

2. Plat to be acknowledged by owner of land.

Of course Horne could not, by his plat, convey land to the public when the title thereto had already passed from him. The claim made by the defendants, and it appears to be well sustained by the testimony, is, that there was an unequivocal recognition of the plat of Horne's addition by Lakin after it had been duly recorded and while the title to the land was in him; that his acts and declarations subsequent to the recording of the plat, show quite clearly that he affirmed the plat which had been filed, and completed the dedication of Eighth avenue attempted by Horne, so far as it affected the land then owned by him. It may be observed that Lakin did not act blindly in the purchase of the land south of the platted addition. In the deed of conveyance from Horne and wife to him, the description of the land conveyed refers to the extension of the plan of Topeka upon the quarter-section, a portion of which was therein conveyed, and there is testimony to the effect that Lakin was well acquainted with the plat of Horne's addition at the time of the purchase, and that he agreed that Eighth avenue should remain open for public use, as designated on the plat. In a few days after it had been properly recorded, and on the 13th day of March, 1862, Lakin recognized and affirmed the plat so filed in a deed conveying two acres of the land to one Enoch Chase. After describing the tract conveyed by metes and bounds, the following additional description is found in the deed: " Commencing at the southeast corner of Buchanan and Eighth streets on the plan of Topeka as ex-

tended upon Horne's addition to Topeka," etc.   It will be noticed that in addition to the recognition of the plat of Horne's addition, he specifically locates the tract conveyed at the corner of Buchanan and Eighth avenues.   The strip of land in controversy lies immediately west of Buchanan street and north of this tract.   By this description Eighth avenue was defined to be one hundred and thirty feet wide, and to include the land in controversy.   To strengthen this view, and to show Lakin's intention, there is the testimony of a surveyor named Whittaker, who surveyed the two-acre tract for Lakin, that he was directed to survey a tract which had Buchanan street for its western boundary and the south line of Eighth street for its northern boundary, and that Lakin and several others were present when the survey was made.   An intention on the part of Lakin to surrender to the public, as a part of the street, whatever interest he had in the strip in controversy, is sufficiently shown.   There was no express grant by Lakin of this tract to the public for a street, but it is not essential or necessary that there should be, in order to constitute a dedication.   Any act of the owner clearly indicating an intention to dedicate the land for public use, and its acceptance by the public authorities, is sufficient.   The action of Lakin in recognizing and referring to the plat of Horne's addition, in the conveyance to Chase, after the plat had been filed, and the sale of the two-acre tract of land, by which he makes it appear that Eighth street is one hundred and thirty feet wide, and that the tract sold faced upon Eighth street, and that the strip of land in controversy was a part of the street, indicates clearly a purpose upon his part to dedicate the strip to the use of the public for a street.   So far as the acceptance by the public is concerned, as before stated, there is testimony which shows that the avenue was accepted at that time by the public and traveled as a public street for many years thereafter.   There is contrary testimony upon some of these matters, but the plaintiff brings us nothing but the general finding of the court

3. Addition to city; evidence of intention of owner.

4. Intention of owner to dedicate.

in favor of the defendants, and we must therefore infer that the material testimony which supports that finding is true.

The plaintiff cannot be said to have purchased the land from Lakin without notice of the dedication. In addition to the notice imparted by the recorded plat and the use of the street by the public, the deed from Lakin to himself makes special reference to the Chase deed wherein Lakin had previously recognized and ratified the plat of Horne's addition. It is referred to in the following language: "Also excepting two acres out of said tract conveyed to Enoch Chase by David L. Lakin, by deed dated March 13, 1862, and recorded in vol. 6, page 306, of Shawnee county records." Indeed, if there had been no formal dedication of the land by Lakin, the action of the plaintiff subsequent to his purchase would constitute very strong if not conclusive evidence of the dedication of the land for the purposes designated on the plat. Since he acquired title to the Lakin tract he has made numerous sales of land and town lots in Horne's addition by reference to and in accordance with the recorded plat. Some of the lots thus conveyed by him face upon Eighth street, and upon that portion of it which is now in dispute, and in each of them reference is made to Horne's addition, by the plat of which the strip of land now claimed by him is made to constitute a part of the street. But, in our opinion, a dedication of the disputed strip of land as a portion of Eighth avenue had been completed before the plaintiff acquired title from Lakin; and as it does not appear to have been vacated since that time, it must be held to constitute a part of Eighth avenue.

The judgment of the district court will therefore be affirmed.

VALENTINE, J., concurring.

HORTON, C. J.: I fully concur in the judgment, but do not agree to all said in the opinion as to the reasons therefor.