G. B. Teedrick v. The City of Kansas City *et al.*

1. Case, *Followed.* The case of *Brooks v. City of Topeka*, 34 Kas. 277 followed.

2. General Findings, *When Conclusive.* Where issues of fact are heard before a trial judge without a jury, and a general finding is made by him, and judgment entered thereon, such finding is conclusive between the parties in the case if there is evidence to support the same.

*Error from Wyandotte District Court.*

Action by *Teedrick* against the *City of Kansas City* and others for an injunction. Judgment for defendants. The plaintiff comes to this court. The opinion states the facts.

*Daniel B. Hadley,* for plaintiff in error.

*James M. Rees,* and *K. P. Snyder,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It is claimed by the plaintiff that he is the owner of lot 1, in block 1, in Connelly's addition to Wyandotte city, now Kansas City, in this state; that the city has obtained possession of the lot, placed a sidewalk on it, and should be enjoined. If a part of the evidence be considered only, Fifth street is 67.82 feet wide, and the city has improperly graded and widened the street over the lot in dispute. It appears, however, that in 1857, the Wyandotte Town Company made and published a plat showing Fifth street to be 80 feet wide, and that it extended south the full width. On August 7, 1869, Mathias Splitlog made to Cornelia D. Connelly a conveyance of land recognizing this town company plat. He conveyed first by metes and bounds, and then, by way of further description, added:

"Meaning hereby to convey lots 28, 29, 30, 31, and 32, and fractional lots 33 and 34, in block 153, with the extension of the alley in said block, according to the plat of said city drawn by John H. Miller, C. E., and published by the Wyandotte City Company March 18, 1857."

This conveyance also referred to the "east line of Fifth street extended in the city," thereby recognizing it as being the east boundary of lot 28, of block 153, the old numbering of which was changed in the plat of Connelly's addition. The south part of this block, in Connelly's addition, is block 1, and the lots number from 1 east to lot 21. In August, 1873, Splitlog made a conveyance to Peter Connelly, and on the 6th of December, 1873, Peter Connelly and Cornelia Connelly, his wife, platted their land, Fifth street being, as before stated, 67.82 feet wide. The city has graded 80 feet in Fifth street. The different plats have caused complications. The deed of August 7, 1869, to Mrs. Connelly is a full recognition of Fifth street as 80 feet wide, and as being the east boundary of lot 28, block 153. Fifth street, as shown on the town company map of 1857, was, by Splitlog's deed of 1869, dedicated by him as an 80-foot street, and no subsequent act by him, or his grantee, after that time could revoke that dedication. (*Brooks v. City of Topeka,* 34 Kas. 277; Elliott, Roads & Sts. 111, 129, 130.) William Miller, a witness called by the plaintiff, among other things, testified:

"Ques. From your statement that you just made here, as I understand it, the legal effect of what you have stated is, that according to this map [referring to plat of Connelly's addition] it is 20 feet further east than it ought to be? Ans. That I know it ought to be from my own knowledge.

"Q. As I understand, Mr. Miller, as a matter of fact, talking outside of this plat Mr. Connelly has made, this line, the whole of it, ought to go 20 feet further than it actually does with this map [referring to Miller's map]; but according to this map [plat of Connelly's addition], the street is right where the city claims it to be? A. That is what I say, sir.

"Q. By Mr. Hadley: That the street is right where it ought to be? A. What I say is, the plat does not represent the facts on the ground.

"Q. By the Court: By the measurement of the old town company's lands? A. By the measurement of the old town company's lands.

"Q. By Mr. Hadley: On the ground there, is there room

for Connelly's dedication of 67 feet out of what he obtained in 1873 of Splitlog, and also room for this lot 1?    A. If you take the wording of Connelly's deeds, there is ample room there for everything; if you take this map, there is not.   You take the records of the town company's land as they are here, it is impossible to put Connelly's addition in the shape in which that plat represents it."

There was much other evidence introduced tending to show a difference in the maps or plats.   The evidence of A. W. Boeke, the city engineer, also flatly contradicted the claim of the plaintiff.   This case was tried before the court below without a jury, upon the various plats and deeds offered in evidence and the oral testimony of several witnesses.   A general finding only was made in favor of defendants and against the plaintiff.   There was evidence to sustain the finding against the plaintiff.   The judgment, therefore, must be affirmed.

All the Justices concurring.