SARAH C. KIEHL V. G. M. JAMISON.

No. 15,914.     (101 Pac. 632.)

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Vacation—Unopened and Unused County Roads.* Where open and unobstructed lands lying wholly outside the corporate limits of a city have been regularly platted and laid out as an addition and the streets dedicated to the public, such streets or roads can not be regarded as unopened and unused within the meaning of, section 6058 of the General Statutes of 1901, making county roads vacant which have remained unopened for public use for seven years.

2. ———— *Non-user.* Neither the failure of the county authorities formally to open up and work the streets in such an addition nor the fact that such streets have not been used by the public will make them in law closed or unopened streets, where everything was done at the time the plat was filed which was necessary to open them for public use.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed April 10, 1909. Affirmed.

*W. I. Jamison,* and *J. B. Larimer,* for plaintiff in error.

*S. H. Allen, Otis S. Allen,* and *George S. Allen,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The plaintiff, Sarah C. Kiehl, on July 5, 1907, commenced this suit against the defendant, G. M. Jamison, to enjoin him from unlawfully entering upon her land. The defendant claimed that the land he was about to enter upon was a public street unlawfully fenced by the plaintiff. The case was tried on an agreed statement of facts, and judgment rendered in favor of the plaintiff perpetually enjoining the defendant. There was a motion for a new trial, which the court granted, and the judgment was set aside. Plaintiff prosecutes this proceeding, claiming it was error for the court to grant a new trial. The defendant has filed a cross-petition in error, in which it is claimed that on the agreed statement of facts the judgment should have been for the defendant. Both parties submit the cause to this court on the law and the facts, and agree that a judgment shall be directed.

From the agreed statement of facts it appears that Park Place addition to the city of Topeka was regularly laid out, surveyed and platted, and the plat duly signed, acknowledged and recorded on May 22, 1894. The streets were dedicated to the public forever. The plaintiff is the owner of block 3 in this addition. The de-

fendant is the owner of two acres in the adjoining block 4, and was erecting a house thereon at the time he was enjoined from going upon Union avenue, which runs along the north side of blocks 3 and 4. The only streets leading to the defendant's property are Union avenue and Liberty street.

Park Place lies wholly outside the corporate limits of the city of Topeka. It is admitted that at the time the suit was commenced and the defendant restrained the road-overseer of the road district in which the addition is located was grading Union avenue under the direction of the board of highway commissioners, and the defendant was working under him, the work being done at the defendant's request. From the time the plat was filed and recorded until April 28, 1902, block 3 and Union avenue were open prairie. About that time plaintiff purchased block 3, and fenced in one enclosure the entire block and that part of Union avenue and Liberty street adjoining it, extending her fence across both streets. She maintained this fence for five years and until suit was brought.

It is the contention of the plaintiff that Union avenue, the street in controversy, is a county road within the meaning of section 6058 of the General Statutes of 1901, and that by the terms of the statute the street became vacated because it remained unopened for more than seven years. Section 6058 reads as follows:

"That any county road or part thereof which has heretofore or may hereafter be authorized, which shall remain unopened for public use for the space of seven years at any one time after the order made or the authority granted for opening the same, shall be and the same is hereby vacated, and the authority granted for erecting the same is barred by lapse of time."

Conceding that Union avenue is a county road, the plaintiff's contention can not be sustained. It was held in *Webb v. Comm'rs of Butler Co.*, 52 Kan. 375, 34 Pac. 973, following *Peck and another v. Clark et al.*, 19 Ohio, 367, and *City of Topeka v. Russam,* 30 Kan. 550, 2 Pac.

669, that this provision of the statute applies only to roads authorized but which have never been opened or used, and that a road can not be regarded as unopened or unused where the country through which it lies was open and unobstructed at the time it was authorized and established. It was also decided in *City of Topeka v. Russam, supra*, that a road is not "unopened" within this meaning of the statute when it is located and established and everything done which the law or necessity requires to be done in order to render it open for public use. As Mr. Justice Valentine tersely stated the matter in the opinion in that case:

"Indeed, the road *was* virtually opened. It was located and established in full compliance with the law; and there was nothing to prevent the public from traveling over it. It was not *closed* or *enclosed*. It was not *shut up*. It was not *obstructed*. And if the road was not closed or enclosed or shut up or obstructed, it must have been opened; and a road that is open can not well be an unopened road." (Page 559.)

So, in this case, Union avenue was not an unopened road or street. It was open until the plaintiff closed it in 1902. The fact that it had not been used by the public is of no importance. It was open prairie at the time, and was not closed or enclosed, not shut up or obstructed, and therefore it was open. It is one of the facts agreed upon that the street was open until closed by the plaintiff five years before the suit was brought.

If the contention of the plaintiff is correct, the failure of the county authorities formally to open up and work all the streets and alleys in the addition made them in law closed and unopened streets; but, in fact, when the plat was filed and the streets dedicated forever to the public, everything was done which was necessary at the time to be done to open them for public use. Under the principles of law settled by the authorities referred to, the plaintiff can not maintain her suit.

The learned judge of the district court rightly

granted a new trial and that ruling is therefore affirmed, but on the agreed statement of facts the cause will be remanded with directions to render judgment in favor of the defendant.