Wallace v. Cable.

———

W. W. WALLACE et al., *Appellants,* v. R. E. CABLE et al., *Appellees.*

No. 17,788.

SYLLABUS BY THE COURT.

1. CITY PLAT — *Record — Dedication — Recognition — Deed by Owner.* Where a city plat is recorded in apparent conformity with the statute, but is inoperative as to a part of the property included because the owner thereof does not join in the acknowledgment, the execution of a deed by such owner, in which the tract conveyed is described by reference to the plat, there being nothing to show a purpose to disavow it, is such a recognition of its validity as will make it binding upon him.

2. ——— *Same.* A complete dedication of the tracts designated on the plat as streets and alleys results from the execution and record of such a deed, irrespective of any acceptance on behalf of the public.

3. ——— *Vacation — Title — Limitation of Action.* Notwithstanding an alley shown on such plat has never been used by the public, and has been occupied by an individual for more than fifteen years, the title remains in the public, and vests in the owners of the abutting lots upon the passage of an ordinance vacating it.

4. ———— *Title—Estoppel.* The title to the property is not affected by the fact that one of the abutting owners had signed a petition asking that the alley be opened, and that an ordinance had been passed providing for the condemnation of land for that purpose.

5. ———— *Street — Unopened for Seven Years — Not Vacated.* The statute declaring a county road vacated if it remains unopened for public use for seven years does not apply to a street or alley within the limits of a city.

Appeal from Wyandotte court of common pleas. Opinion filed October 12, 1912. Reversed.

*Keplinger & Trickett,* of Kansas City, for the appellants.

*John A. Hale,* of Pleasanton, and *Richard J. Higgins,* and *Albert J. Herrod,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

MASON, J.: The plaintiffs in ejectment maintain that the strip of ground in controversy at one time formed a part of an alley, upon the vacation of which it reverted to them as the owners of the abutting lots. The defendants assert that no such alley ever existed, in which case they have title by adverse possession, and as to a part of the strip, by deed as well. The former existence of the alley is the vital matter in dispute. The trial court decided against the plaintiffs, and they appeal.

In 1859 a plat of Wyandotte City (now Kansas City, Kansas) was filed, in apparent conformity with the statute. It included, however, a tract of land the owner of which (Lucy B. Armstrong) did not join in its acknowledgment or filing, and was therefore not bound or affected by it. It designated a portion of this tract as block 73, consisting of 54 lots, those numbered from 1 to 37 fronting north, and being separated by the alley in question from those numbered from 38 to 54, which fronted south. In 1909 a city ordinance was

passed purporting to vacate the alley. The plaintiffs own lots designated on the plat as 14, 15, 16 and 17, facing north, and the defendants the corresponding lots facing south, numbered 38, 39, 40 and 41. The strip in controversy is the north half of the area lying between these two tracts. The streets surrounding the block are thus named: on the north, Maria; on the east, Fifth; on the south, Everett; and on the west, Sixth.

In 1864, Lucy B. Armstrong, who still owned block 73, executed and acknowledged a warranty deed, which was at once recorded, conveying property described as follows:

"Commencing at a point in the center of Fifth Street intersected by a line running through the center of Maria Street; thence south to the center of Everett Street; thence west to the center of Sixth Street, thence north to the center of Maria Street, thence east to the beginning, meaning hereby to convey to the party of the second part Block 73 in the City of Wyandotte, according to the plan of said city published by John H. Miller, made March 18, 1857, with half of the adjoining street, and it is hereby stipulated that these streets shall not be closed up except by mutual consent."

We regard the execution of this instrument as an unequivocal recognition of the plat already filed, rendering it valid from that time, notwithstanding the original defect, at least as to all persons claiming under the deed. The fact that the deed described by metes and bounds the land conveyed, and included a part of the streets, does not make it any the less a recognition of the plat; nor does the stipulation against closing the streets have any such effect. While the deed undertook to convey a part of the streets, it expressly recognized their existence, and thereby adopted the plat, for except for it there would have been no streets in the property conveyed. Such right as the grantor had in them would have passed with a grant of the block; the reference to them was an expression of what the

law would imply. The stipulation that the streets should not be closed except by mutual consent was of the same character. The language of the deed suggests no doubt that the places so designated on the plat were actually streets.

It is well settled that a landowner, by referring in a deed to a plat not previously binding upon him because not executed in accordance with the statute, or because made by some one else without his authority, may become bound by it. (*Brooks v. City of Topeka*, 34 Kan. 277, 8 Pac. 392; *Giffen v. City of Olathe*, 44 Kan. 342, 24 Pac. 470; *Teedrick v. Kansas City*, 52 Kan. 404, 34 Pac. 972.) Collections of cases on the subject are made in notes to these text statements:

"Where the owner of real property lays out a town upon it, and divides the land into lots and blocks, intersected by streets and alleys, and sells any of the lots with reference to such plan, or where he sells with reference to the map of a town or city, in which his land is so laid off, he thereby dedicates the streets and alleys to the use of the public, unless it appears either by express statement in the conveyance or otherwise that the mention of the street was solely for purposes of description and not as a dedication thereof." (13 Cyc. 455.)

"While a mere survey of land, by the owner, into lots, defining streets, squares, &c., will not, without a sale, amount to a dedication, yet *a sale of lots with reference to such plat,* or describing lots as bounded by streets, will, as between the grantor and grantee, amount to an immediate and irrevocable dedication of the streets, binding upon both vendor and vendee. The rights of the grantee spring from and depend upon an implied covenant by the grantor that the lands designated as streets or ways will not be appropriated to any other use. To create this right in the grantee it is not necessary that the plat or map should have been made by the grantor. The grantor may adopt a plat or map prepared by another. . . . In some jurisdictions, upon the principle that the *map* or *plat is a unity,* and that a purchaser of a lot buys on the implied condition and understanding that all the streets and ways shown

thereon will be available for public use, and not merely·
the street upon which his property abuts, it is held that
the purchaser of a lot acquires a right or easement in
*all the streets and alleys* shown on the plat or map,
and can insist that *all* these streets and alleys shall be
kept open and devoted to public use." (3 Dillon· on
Municipal Corporations, 5th ed., §§ 1083, 1084.)

Upon principle we think what is called the unity
doctrine is supported by the better reasoning. Where
one who, under the statute, has the power by filing a
plat to divide a tract into lots and blocks and streets
and ·alleys, conveys a part of it by reference to such a
plat made by another, he should be deemed to make the
other's act his own, and to adopt the plat in its entirety,
except where a contrary intention is affirmatively
shown in the deed.

It is true that in most of the cases in which the ques-
tion has arisen of the adoption of a plat by the making
of a deed with reference to it, the tract conveyed has
been described as a lot or block, or as fronting upon a
certain street, while the deed here under consideration
used the middle of the streets as a boundary line.
Upon principle this should make no difference, since
the map was referred to as though it were valid, and
nothing in the language used suggested an intention
to disavow it. Moreover, the plaintiffs claim also under
a deed made in 1873, in which a description by metes
and bounds, covering the four lots, without any part
of either street or alley, was followed by the words,
"intending hereby to convey Lots 14, 15, 16 and 17 in
Block 73, as represented on a plan of said city drawn
by J. H. Miller, on file in the records of the register's
office of Wyandotte County, Kansas." The defendants'
theory involves the contention that the grantor in this
deed reserved to himself the title to the half of the
street and alley on which these lots abutted. This can
not be sustained.

The defendants suggest that the reference to lots

and blocks, in deeds made subsequent to 1867, was not a recognition of the plat, because in that year a special statute was enacted authorizing that manner of description. (Laws 1867, ch. 170.) That act does not affect the matter, for it was made to apply only "in all cases where the avenues, streets and alleys have been or may hereafter be extended through said land, or where said Lucy B. Armstrong or her heirs, executors or administrators shall hereafter convey the same or any part thereof according to said plan."

The alley in question was never in fact used as such, and the defendants occupied the tract in controversy for more than fifteen years. Whether the plaintiffs' rights were barred by this occupancy perhaps depends upon whether the recognition of the plat by the owner of the land resulted in an actual dedication to public use of the tracts designated as streets and alleys. If so, the right of the public could not be barred by adverse possession or by the inaction of the city officers. (*Eble v. The State,* 77 Kan. 179, 93 Pac. 803, 127 Am. St. Rep. 412; *Gadarl v. City of Humboldt,* ante, p. 41, 123 Pac. 764, citing p. 43: *Osage City v. Larkin,* 40 Kan. 206, 19 Pac. 658, and *Giffen v. City of Olathe,* 44 Kan. 342, 24 Pac. 270.) Some courts hold that a complete dedication results at once from the sale of lots with reference to a plat which is not in itself effective because not fully executed in accordance with the statute; while others limit the effect to the creation of a private right in the grantee to insist that the places designated as streets shall be kept open for travel, and hold, that an acceptance in behalf of the public is necessary to an actual dedication. (3 Dillon on Municipal Corporations, 5th ed., § 1090; 1 Elliott on Roads and Streets, 3d ed., § 124.) In *Brooks v. City of Topeka,* 34 Kan. 277, 8 Pac. 392, there was an acceptance by the city, and the fact was naturally referred to as important, but it was not decided that there could have

been no dedication without an acceptance by the public. The matter of acceptance or nonacceptance can be of practical importance only when the question is one of charging the city with responsibility for the condition of the tracts designated as streets and alleys. Under the circumstances of this case we think it should be held that there was a complete dedication. The owner of the tract, by joining in the acknowledgment of the plat, could have vested title to the streets in the public, no acceptance being necessary. (*Gadarl v. City of Humboldt*, ante, p. 41, 123 Pac. 764.) When she executed and acknowledged a deed to a part of the tract, recognizing the plat as valid, she in effect executed and acknowledged the plat itself; and when this deed was filed with the register of deeds the record was complete and the situation was the same as though her acknowledgment had been attached to the plat. The filing of the deed supplemented the record of the plat and gave it validity for all purposes, vesting in the public the title to the streets and alleys. The strip in controversy was not assessed for taxation until the passage of the ordinance vacating the alley, and this exemption might be regarded as some recognition of its public character.

At one time the city authorities were obviously of the opinion that the alley did not exist, for two ordinances were passed for the condemnation of land for its opening. No further steps were taken, and these proceedings did not work an estoppel upon the city. One of the plaintiffs signed a petition to the council asking to have the alley "opened," but as this may have meant merely that it be cleared of obstacles, the circumstance is not significant, even if otherwise it could have been important.

The defendants invoke the statutory provision (Gen. Stat. 1909, § 7312) declaring a county road vacated if it remains unopened for public use for seven years.

We hold that statute not to apply to streets and alleys within a city.

The judgment is reversed and the cause remanded with directions to render judgment for the plaintiffs.