REBECCA L. PHILLIPS et al., *Appellees*, V. THE ARKANSAS VALLEY INTERURBAN RAILWAY COMPANY, *Appellant*.

No. 18,230.

SYLLABUS BY THE COURT.

1. PLATTED LANDS—*Prior Mortgage—Foreclosure—Sale—Plat Not Vacated.* Where, in a sale and purchase of land, a mortgage is taken to secure any part of the purchase price and provision is made in the mortgage for the platting of the land as an addition to the town or city, it is held that the mortgagee thereby consents to such platting, and that after such plat is in fact made and recorded the judgment of a court. foreclosing such mortgage does not vacate the plat, especially where various portions of the tract, described by reference to the plat, are by the decree excepted from the sale.

2. CITY PLAT—*Not Necessary that Wife Should Acknowledge the Plat.* Where it appears that in the making of a plat of an addition to a city or town the wife of one of the proprietors did not acknowledge the plat, this fact, of itself, does. not invalidate the plat.

3. VACATION OF STREET — *Where Rests the Burden of Proof.* The burden of showing that a street, which appears to have

been duly dedicated to the use of the public, has been vacated by operation of law rests upon the party alleging such vacation.

4. CAR LINE — *On Public Street—Damages to Adjacent Lot Owners.* A street-car company is not responsible in damages to the owners of adjacent lots for the laying out of its tracks and operation of its railway in the street.

Appeal from Sedgwick district court, division No. 1. Opinion filed June 7, 1913. Reversed.

*R. L. Holmes, C. G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *Benjamin F. Hegler,* all of Wichita, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was brought by appellees to recover damages for the appropriation by appellant of a strip of land along and near the south side of a tract of six or seven acres of land which appellees had bought at sheriff's sale resulting from the foreclosure of a mortgage on the tract.

The appellant answered that this tract, some years before the appropriation, had been platted by the proprietors thereof and was called Garland Brook Addition to the city of Wichita, and that the portion thereof appropriated by appellant was in a street of such addition called 24th street.

The appellees, in turn, contended that the tract had not been legally platted for the reason that the wife of one of the proprietors had not acknowledged the plat; that the mortgagee had not recognized or consented to the plat, and further, if legally platted, the plat had been vacated by the judgment of the court in foreclosing a mortgage given upon the land by the proprietors which mortgage had been of record before the filing of the plat; and further, if the plat was legally made and was not vacated by the judgment of

the court in the foreclosure action, that 24th street, not being within the limits of the city, was vacated by section 7312 of the General Statutes of 1909, in that such 24th street remained unopened for public use for the space of seven years at one time after the making and recording of the plat.

It is conceded that as the recording of the mortgage antedated the recording of the plat that the judgment in the foreclosure action did vacate the plat unless the plat was made with the consent of the mortgagee. The tract of land was deeded by Charles N. Louthan to James F. Toohey, John Davis and George W. Conner, April 28, 1887. A part of the purchase price of the tract was secured by a mortgage given by the purchasers to Louthan at the same time the deed to them was made. The mortgage contained the following provision:

"In case of foreclosure and sale the parties of the first part hereby waive the right of appraisement of the premises. A further and important condition of the foregoing indenture is the agreement of the grantee to release from the provisions of this mortgage deed any number of lots, after the premises conveyed herein are duly and legally platted into lots, upon the payment to him of a proportionate sum of said ($9000) Nine Thousand Dollars, or at the rate of fifty dollars ($50) per each lot so released. These payments to be made in cash or in first mortgages on said lots released as per parol contract are to be endorsed upon the said notes described above at the time of payment. The said notes and this mortgage are given to secure a part of the purchase money for said premises."

From this it appears that the mortgagee not only consented to the platting of the land but that the deed and mortgage were given in contemplation of such platting, and therefore the judgment of foreclosure did not vacate the plat. Indeed, the court, in rendering the judgment, and the mortgagee, in taking the judgment, recognized that the land was platted, in that twenty-one lots were excepted from the sale ordered and by

number according to the plat. The only reason suggested for such exception is that the lots had been sold under the provisions in the mortgage. The sheriff's sale and deed must have made the same exception, and the appellees were thereby notified that the tract they were purchasing was platted. We conclude, therefore, that the plat was not vacated by the judgment of foreclosure.

The remaining question is whether 24th street had been vacated by operation of the statute cited. The only evidence that appears to have been given on that subject was of one witness who testified that the street had not been open since 1908, much less than seven years before the rendition of the judgment.

It having been shown that the land was platted, with the strip known as 24th street dedicated thereby to public use, the burden of showing that the street had been vacated by operation of law rested upon the appellees. There was no evidence that the street was obstructed at the time of the recording of the plat nor for about twenty years thereafter. In *Kiehl v. Jamison*, 79 Kan. 788, 101 Pac. 632, it was said:

"Where open and unobstructed lands lying wholly outside the corporate limits of a city have been regularly platted and laid out as an addition and the streets dedicated to the public, such streets or roads can not be regarded as unopened and unused within the meaning of section 6058 of the General Statutes of 1901 [Gen. Stat. 1909, § 7312], making country roads vacant which have remained unopened for public use for seven years.

"Neither the failure of the county authorities formally to open up and work the streets in such an addition nor the fact that such streets have not been used by the public will make them in law closed or unopened streets, where everything was done at the time the plat was filed which was necessary to open them for public use." (Syl. ¶¶ 1, 2.)

But it is contended that the plat of the addition was not legally made in that it was not acknowledged by

the wife of one of the proprietors. The statute only requires acknowledgment by the proprietors. The making and filing of a petition for an addition to a town or city is a sufficient conveyance to vest the fee to the streets and alleys named and intended for public use in the county in which the addition is situated. (Gen. Stat. 1909, § 5523.)

At least one case, from another state, is cited, in which it is held that the failure of the wife of the proprietor to acknowledge the plat invalidates the plat; but in this state, where it has been held repeatedly, where no writing whatever is given, that certain acts or omissions to act by the owner of the fee resulted in the dedication of land to the public use for streets or roads, and also in view of the general doctrine announced in 13 Cyc. 474, 9 A. & E. Encycl. of L. 44, etc., we hold it is not requisite to the validity of such a plat that the wife of the proprietor should acknowledge the plat.

If 24th street was in legal existence at the time of the laying of the track and the operation of the cars of appellant, the appellant was not responsible in damages to the appellees by reason of the fact only that they owned lots abutting upon the street.

As the evidence affirmatively showed that the plat was made with the consent of the mortgagee and was legally acknowledged, and the appellees failed to produce sufficient evidence that 24th street had been vacated by operation of law, the judgment in foreclosure did not vacate the street and the appellees failed to produce sufficient evidence to sustain a judgment in their favor.

The judgment is therefore reversed and the case is remanded with instructions to render judgment for appellant.