## No. 11,041.

### GREEN, ET AL. v. CURRAN, ET AL.

Decided March 2, 1925.    Opinion adhered to March 30, 1925.

Action for possession of real property.    Judgment for defendants.

### *Reversed.*

1. APPEAL AND ERROR—*Pleadings—Presumption.*    In an action for the possession of city lots, plaintiffs' ownership being admitted and no other source of title appearing than through a will of the former owner, it will be assumed that their title came through this will.

2. DEDICATION—*Streets—Frontage.*    Filed plat and dedication of streets, held to include ends of lots, not within the description, but which, unless included, would have no frontage on a dedicated street and would not be of the dimensions specified.

3. *Reservation—Abandonment.*    Where by will the owner of a platted addition to a city devised a block of land which on the plat had been expressly reserved by the terms of the dedication, it is held that this was an adoption of the plat as to that block, and an abandonment of the reservation.

4. *Deed—Effect.*    Where a proprietor makes a deed describing lots by reference to a plat, this not only amounts to a dedication of the streets, but also is a confirmation of the shape and extent of the lots and blocks shown on the plat.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE A. CHASE, for plaintiffs in error.

Mr. WILLIAM H. ANDREW, Mr. JAMES D. BENEDICT, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFFS in error were defeated upon trial to the court in an action brought by them for possession of lots 21, 22, 23, 24, block 12, Kettle's addition to Denver, and bring error.

January 25, 1882, Kettle was the owner of the south ½ of N. E. ¼ section 10, T. 4 S. R. 68 W., now a populous part of the city of Denver. On that day he filed a plat called Kettle's Addition to Denver. The dedication reads thus: "Know all men by these presents that I, George E. Kettle, have laid out and platted the S. W. ¼ of the N. E. ¼ of section 10, T. 4 S. R. 68 W. under the name and style of Kettle's Addition to Denver, and do also by these presents dedicate to public use a perpetual right of way over and across all streets and alleys as shown on said plat. Excepting from this dedication and plat the part enclosed within Blocks 1, 7 and 12, and marked 'reserved' on said plat." Block 12 is marked "reserved" on the plat.

The following is a copy of so much of the plat as is necessary to understand the present controversy:    (p. 79.)

This plat extends beyond the east boundary line of the S. W. ¼ of N. E. ¼ described in the dedication, onto the S. E. ¼ of said N. E. ¼. That line is shown on the plat by a line running north and south 20.28 feet west of the east boundary line of block 12 as shown on the plat. To this strip 20.28 feet wide, the defendants claim title. Kansas Avenue, as shown on the plat, is now called Logan street.

In 1887 Kettle was still the owner of the south half of section 10 and made a will which was admitted to probate in May of that year in which he devised to his wife for life with remainder to his children "My homestead consisting of blocks seven and twelve in Kettle's addition to city of Denver  *  *  *  and being marked upon the map of Kettle's Addition as reserved for my residence,  *  *  *  " and the residue of his estate to his wife in fee.

The pleadings admitted that plaintiffs were the owners of lots 21-24, block 12, Kettle's addition and no other

source of title appears; we must therefore assume that their title came through this will, and the issues resolved themselves into the question whether the east 20.28 feet of those lots as shown on the plat was a part of the lots so described. The court was of the opinion that it was not because the dedication expressly described only the S. W. forty acres, and that this showed an intention to plat that only and nothing beyond it. With that we cannot agree. The plat dedicates Kansas, now Logan street, upon which these lots front; their dimensions require their extension to that street; without that they are without frontage. Is it reasonable to say that the owner intended to dedicate the street and included it in his plat and did not intend to include the front end of these lots for a quarter of a mile along it, actually between it and the plat as determined by the court? Does the fact that this strip was outside the scope of his verbal description show an intention not to plat it when he has actually platted it and has gone outside that description to dedicate the street upon which it abuts?

If it be claimed that block 12 is not a part of the plat at all, because expressly reserved from it by the terms of the dedication, the case of the defendants is no better, since the will refers to the plat and devises the block accordingly. This is an adoption of the plat as to that block and an abandonment of the reservation. *Denver v. Clements,* 3 Colo. 472; *Overland Machinery Co. v. Alpenfels,* 30 Colo. 163, 171, 69 Pac. 574; *Manitou v. Int. Trust Co.,* 30 Colo. 467, 483, 70 Pac. 757, and many other cases in this court. See also *Wallace v. Cable,* 87 Kas. 835, 127 Pac. 5, 42 L. R. A. (N. S.) 587 and note. The principle on which these cases rest is estoppel. Neither the devisees nor their assigns can say that the lots are not as shown on the plat. We are not begging the question in saying that the plat includes the whole of the block because the dedication itself distinguishes between itself and the plat, thereby showing that, in the mind of the owner, the word "plat" was not necessarily confined in its scope to the limits of the verbal

dedication. If, as held in the above cases, a deed referring to a plat amounts to a dedication of the streets as thereon shown, a fortiori does it amount to a confirmation of the shape and extent of the lots and blocks as shown thereon.

There is more, worthy of consideration, that might be said but it is unnecessary. Our conclusion is that the description "Lots 21, 22, 23 and 24, block 12, Kettle's addition to Denver," included the strip in question and the whole belongs to plaintiffs.

Judgment reversed with directions to enter judgment for plaintiffs.

Mr. Chief Justice Allen and Mr. Justice Whitford concur.