No. 29,220.

Elizabeth Craig, *Appellant*, v. Frank Zitnik and Lottie Richardson, *Appellees*.

(288 Pac. 572.)

Opinion filed June 7, 1930.

*A. H. Skidmore* and *A. A. Skidmore,* both of Columbus, for the appellant.
*A. L. Majors,* of Columbus, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This was an action to enjoin the closing of a certain road in Cherokee county and for the abatement of fences erected to bar public travel thereon.

For a number of years the road had been devoted to public use and particularly to plaintiff's use under circumstances which may be thus stated:

On and prior to 1905 Hattie Durkee and her husband owned 160 acres of land in Cherokee county which they determined to subdivide and sell in small parcels of a few acres each. Accordingly they made an informal plat of their land showing its subdivision into parcels. An interurban railway ran north and south in the west portion of the tract and the Frisco railway ran north and south in its eastward portion. Up and down through the middle of the tract the Durkees platted a forty-foot road and proceeded to sell parcels of land fronting thereon, using the informal plat to show the relative location of the parcels they were selling alongside this road. When the portions of the Durkee tract were being thus sold, it was sometimes called by the name of Stilson, in the expectation that it might grow into a city, but the city of Scammon, near by, arose in its stead.

In 1907 the Durkees sold a five-acre parcel to John Grant. It was described by metes and bounds. It was situated in the south part of the Durkee tract, bounded on the south by a section-line road and on the east by the Frisco railway. On its west frontage it was bounded for 640 feet by the platted road which is the subject of this lawsuit.

Grant improved this parcel of land to some extent and then sold it to plaintiff in 1908. She erected her house thereon, and has resided there with her family ever since. At the time she acquired the property the platted road was fenced on both sides and open for its entire length of one-half mile. It connected the section-line road on the south side of the Durkee tract with a half-section-line road on the north, which ran eastward into the town of Scammon. The township paid for putting in a culvert where the south end of the road connects with the section line. Various persons hauled ashes to improve the road, and occasionally it was dragged. Several persons bought parcels of the Durkee land situated on this road. Like plaintiff's predecessor in title, they also bought their parcels on the faith of the Durkee's representation that the forty-foot road was devoted to the public use and to the especial use of purchasers from the Durkees. From 1905 to 1918 the public used the road for its entire length and much traffic passed over it. Large numbers of children used the road going to and from school.

At some time, date not shown, the defendant, Frank Zitnik, acquired all title and interest in the Durkee tract which the Durkees had not disposed of as above narrated. On the strength of this title Zitnik assumed to fence the north end of the road in 1918; and in June, 1928, he fenced it at its south end and also at a point even with the north end of plaintiff's property. Hence this lawsuit.

Plaintiff's verified petition pleaded the material facts. The answer was merely a general denial.

At the trial there was a stipulated agreement touching the titles of plaintiff and defendant. A number of witnesses for plaintiff gave testimony as outlined in the above statement of facts. Cross-examination detracted little or nothing from their direct testimony. There was also introduced in evidence a crude plat of the Durkee tract showing the parcels of land into which it had been subdivided and showing the road in controversy. This plat had not been recorded in the office of the register of deeds, but had been used by the Durkees in the sale of the lots and parcels. A deed to one of the parcels, adjacent to that of plaintiff, from the Durkees to William Galloupe was introduced. In the description of that parcel there was this significant recital:

"Being the southeast corner of lot of block 18, *on plat of said land kept in the office of J. H. Durkee at Scammon, Kansas.*"

Defendant's demurrer to plaintiff's evidence was sustained. Hence this appeal.

We set about our review of this case without laboring the familiar proposition that as against a demurrer to evidence every fact and every inference of fact favorable to plaintiff's cause of action must be indulged. Why, then, the adverse ruling on plaintiff's evidence as summarized above? By availing ourselves of the brief of appellee, which upholds the judgment, it would seem that because the road had not been formally dedicated to the public by filing and recording the plat of the Durkee tract in the office of the register of deeds there was not a valid and binding dedication of the road to the use of the general public, nor to the particular use of the plaintiff as successor in title to one of the original purchasers from the Durkees.

Appellee argues that although the Durkees and Zitnik as their successor in title allowed their neighbors and others to use this platted road they did not thereby suffer a loss of the strip of land by user, nor did they lose it by prescription. Such an argument wholly ignores the matter of prime importance in this lawsuit—the

purchase of the parcels of land from the Durkees upon reliance on the existence of the road and the Durkees' representations in reference thereto. It is perfectly absurd to assume that people would buy these parcels with no way of exit therefrom except across an interurban railway on the west or a steam railroad on the east. They bought on reliance of the existence of the forty-foot road as platted. We do not overlook the fact that there is a section-line road south of plaintiff's property. To send her children to school by that road they must incur the hazard of crossing the interurban line on the west or the railroad on the east. And however that may be, she is entitled to what she and her predecessor in title bought and paid for—the use of the road which the Durkees platted to serve her property and other purchasers of the Durkee lands.

Appellee contends that plaintiff's case was not bottomed and prosecuted upon a definite and consistent theory. We think it was. That theory was her right to the continuing use of this road without harassment or interference by this defendant. It was satisfactorily shown that the common predecessor in title of both plaintiff and defendant set aside the forty-foot strip of land as a public road through the entire Durkee tract for half a mile. All the evidence was to that effect. Plaintiff has consistently and insistently contended for a continuance of the right which she acquired with her land many years ago. Defendant's position is not one whit stronger than that of the Durkees themselves would be. Counsel for appellee stress the failure of the Durkees to record their plat in the office of the register of deeds. That negligence was not the fault of the grantees of the Durkee lands, nor does it take anything from the strength of the position of those who bought from the Durkees in reliance on the plat, although it may cause them annoyance as it has done this plaintiff.

It has long been settled that there may be an informal dedication of land for a thoroughfare without a registration thereof in a public office. If the public, or even the parties particularly concerned, actually use the property thus informally dedicated, there is in effect an acceptance which gives rise to rights which a court of equity will protect. (*Giles v. Ortman*, 11 Kan. 59; *Cemetery Ass'n v. Meninger*, 14 Kan. 312; *Brooks v. City of Topeka*, 34 Kan. 277, syl. ¶ 4, 8 Pac. 392; *Hayden v. Stewart*, 71 Kan. 11, 80 Pac. 43; *Meade v. Topeka*, 75 Kan. 61, syl. ¶ 1, 88 Pac. 574; *Wallace v. Cable*, 87 Kan. 835, 127 Pac. 5.)

Appellee reminds us that there is a public road on the south side of plaintiff's property to which she will continue to have access. That situation sometimes permits a public board like a city council or board of county commissioners to close some other road or street without redressible right in the property owner aggrieved thereby. However, it has yet to be written in any reputable law book that a private person can arrogate to himself such authority.

The judgment of the district court is reversed and the cause remanded with instructions to issue the injunction prayed for and to require the removal of the fences which interfere with the use of the road as contemplated by the parties who platted and subdivided the Durkee land in 1905.