No. 43,655

CHESTER KOLLHOFF, *Appellant,* v. BOARD OF COUNTY COMMISSION-
ERS OF RENO COUNTY, KANSAS; THE COUNTY COMMISSIONERS OF
RENO COUNTY, KANSAS, CLIFFORD A. BUSICK, Chairman, JOHN
C. OSWALD and GUY L. ANKERHOLZ; and CHARLES NUNEMAKER,
County Engineer of Reno County, Kansas, *Appellees.*

(394 P. 2d 92)

Opinion filed July 14, 1964.

*H. Newlin Reynolds,* of Hutchinson, argued the cause, and *Frank S. Hodge, Robert Y. Jones* and *Dennis O. Smith,* all of Hutchinson, were with him on the brief for the appellant.

*Michael E. Chalfant,* County Attorney, argued the cause, and *Richard J. Rome* and *Raymond F. Berkley,* Assistant County Attorneys, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This case involves a dispute between plaintiff land-owner and defendant officials of Reno county over the opening and widening of a public road.

Defendants will be referred to as the county.

In March, 1963, the county took steps to acquire certain land for the purpose of eliminating dangerous conditions in, for the widening of, and for the proper construction of the road, pursuant to the provisions of G. S. 1949, 68-114, which statute has application to an existing highway. The statute provides that all land necessary for such purpose be acquired by the county by purchase or donation, and that if not so acquired—then by the right of eminent domain.

The proposed east-west roadway runs along the north side of a 32-acre tract owned by plaintiff. The county claimed a 33-foot strip along the north boundary of the tract—as having previously been acquired for a road. It sought to open the road and to

widen it by the acquisition of an additional 7-foot strip immediately south of the 33-foot strip. It proposed to pay plaintiff for the 7-foot strip. A controversy arose, and plaintiff filed this action to enjoin the county from trespassing upon his land and from attempting to open the road. Issues were joined, and, following a trial, injunctive relief was denied and judgment was rendered for the county. The plaintiff has appealed.

The primary question involved—which has to do with the 33-foot strip—will be developed as the chronology of the matter is unfolded.

In 1872 the legislature passed an act pertaining to roads and highways (Laws of 1872, Chapter 178). It became effective February 22, 1872. Material portions of it read:

"Section 1. That all sectional lines in the counties of Rice, Greenwood, Cowley, Chase, Howard, Morris and Reno are hereby declared public highways.

. . . . . . . . . . . .

"Sec. 3. All the unenclosed or unimproved highways, provided in section one of this act, shall be opened by the board of county commissioners upon the presentation of a petition to said board, signed by not less than ten freeholders, residents of the county in which said highway is located: *Provided,* That the width of such roads shall be sixty feet in the county of Rice and four rods in the county of Reno."

Pursuant to the foregoing statute, on July 6, 1872, upon the petition of the requisite number of freeholders and residents of Reno county, the board of county commissioners took the following action:

"Petition presented by L. Houk and nineteen others respectfully asking the Board of County Commissioners to declare all the section lines in said County of Reno (except the lines on the boundaries of the town of Hutchinson Sec 13, Town 23 Range 6 West) opened as public highways, which on motion said petition was granted and the Board declared the same opened. . . ."

In 1879 the legislature passed an act for the vacation of unopened roads, commonly known as the "non-user" statute (Laws of 1879, Chapter 150, found at Compiled Laws of Kansas 1879, [5075] § 44). It reads:

"Section 1. That any county road or part thereof, which has heretofore or may hereafter be authorized, which shall remain unopened for public use for the space of seven years at any one time after the order made or the authority granted for opening the same, shall be and the same is hereby vacated, and the authority granted for erecting the same is barred by lapse of time; and any state road or part thereof, which has heretofore or may hereafter be authorized, which shall remain unopened for public use for the

space of ten years after the passage of the act authorizing the same, shall be vacated, and the authority for opening it repealed for non-use."

The land in question was first purchased and a patent issued in 1884, and therefore no private rights had attached to the land at the time of the 1872 enactment, above, which declared all section lines in Reno county to be public highways. Concededly, the action taken by the board of county commissioners on July 6, 1872, pursuant to the authority granted by the statute, established—as a matter of law—a public road on the section line four rods (66 feet) in width.

And so, the county in 1963 claimed the 33-foot strip on the south side of the section line on the theory that such strip had previously been acquired for a public road. In addition, it sought a 7-foot strip immediately to the south of the 33-foot strip—and for which it proposed to pay plaintiff.

During the trial several elderly witnesses who had lived in the neighborhood for many years testified as to the physical condition and terrain of the alleged "road," including its use or nonuse—as such. At the conclusion thereof the trial court made the following findings—material for purposes of this appeal:

"2. The section line in question was not used as a road by the public, other than possibly as casually made over unimproved and vacant land by travelers of their own motion and for their own convenience.

"3. For more than 7 years after enactment of the non-user statute of 1879 said section line area was not enclosed, fenced, in cultivation, or otherwise obstructed in any manner to prevent the public from using same as a road if they so desired. It was open 'in fact.'

. . . . . . . . . . . . .

"5. Petitioner did not acquire title to said roadway area (the 33 foot strip) by adverse possession or because of nonuse, but same remains in Reno County.

"6. That from approximately 1900 to the present date, the section line area running along the north side of Plaintiff's property was obstructed and closed off from public use by trees running in an east-west direction along a part of the section line and there was also a fence along the tree row, which trees and fence have been planted and erected by adjacent landowners; and subsequent to 1900 there was a hedge running north and south along the east end of Plaintiff's property in question; and that the land in question adjacent to the north section line has been in cultivation from approximately 1900."

The trial court's conclusions of law were:

"A. Said section line roadway in question was legally established and was open sufficiently that said non-user statute of 1879 did not apply.

"B. That petitioner's application for an injunction should be and the same is hereby denied, and the temporary restraining order heretofore issued herein is dissolved.

"C. Accordingly, the defendants' procedure under 1949 G. S. 68-114 to widen and alter an existing roadway is valid."

Judgment was entered in accordance with the findings and the conclusions, and plaintiff has appealed.

Plaintiff concedes that pursuant to the 1872 statute and the action taken by the board of county commissioners in July of that year a public road "in law" was opened, but contends that it never was opened "in fact." He further contends that if the road ever was opened it was vacated by the non-user statute of 1879, and that the county cannot now proceed under G. S. 1949, 68-114, which, by its very terms has application only to an *existing* highway. In addition, it further is contended that even though the road was "open" from 1872 to 1900 it was obstructed by adjacent landowners at all times subsequent to 1900 (see finding No. 6, above), and that if there was any seven-year period prior to the repeal in 1911 of the 1879 non-user statute during which the road remained unopened, it became vacated and reverted to the landowner.

Despite the ingenious arguments advanced by plaintiff, we believe the facts found by the trial court, and prior decisions of this court, compel an affirmance of the judgment.

In passing, it may be stated that the general rule is that a private individual cannot obtain title to a public highway by adverse possession. (*Eble v. The State,* 77 Kan. 179, syl. 4, 93 Pac. 803, 127 Am. St. Rep. 412; *Gadarl v. City of Humboldt,* 87 Kan. 41, 123 Pac. 764; *Wallace v. Cable,* 87 Kan. 835, 840, 127 Pac. 5, 42 L. R. A. (N. S.) 587; *City of Emporia v. Humphrey,* 132 Kan. 682, 693, 297 Pac. 712.)

With respect to plaintiff's contentions as to the application of the non-user statute of 1879, and as to just when the seven-year period mentioned therein commences to run, it was held in *Cowley County v. Johnson,* 76 Kan. 65, 90 Pac. 805, that it referred to the time the act was passed and not to the time an order for the opening of the road was made by the county. In the opinion it was said:

"The statute of 1879 allowed those interested seven years in which to avail themselves of the privilege offered. We think it was the legislative intent that if no advantage should be taken of it within that time it should be withdrawn." (pp. 69 and 70.)

In *Kiehl v. Jamison*, 79 Kan. 788, 101 Pac. 632, it was contended that a street was a county road within the meaning of the non-user statute of 1879, and that by the terms of the statute the street became vacated because it remained unopened for more than seven years. In rejecting such contention it was held that the non-user statute applied only to roads authorized but which had never been opened or used. In the opinion it was said:

"Conceding that Union avenue is a county road, the plaintiff's contention cannot be sustained. It was held in *Webb v. Comm'rs of Butler Co.*, 52 Kan. 375, 34 Pac. 973, following *Peck and another v. Clark* et al., 19 Ohio, 367, and *City of Topeka v. Russam*, 30 Kan. 550, 2 Pac. 669, that this provision of the statute applies only to roads authorized but which have never been opened or used, and that a road cannot be regarded as unopened or unused where the country through which it lies was open and unobstructed at the time it was authorized and established. It was also decided in *City of Topeka v. Russam, supra*, that a road is not 'unopened' within this meaning of the statute when it is located and established and everything done which the law or necessity requires to be done in order to render it open for public use. As Mr. Justice Valentine tersely stated the matter in the opinion in that case:

"'Indeed, the road *was* virtually opened. It was located and established in full compliance with the law; and there was nothing to prevent the public from traveling over it. It was not *closed* or *enclosed*. It was not *shut up*. It was not *obstructed*. And if the road was not closed or enclosed or shut up or obstructed, it must have been opened; and a road that is open cannot well be an unopened road.' (Page 559.)

"So, in this case, Union avenue was not an unopened road or street. It was open until the plaintiff closed it in 1902. The fact that it had been used by the public is of no importance. It was open prairie at the time, and was not closed or enclosed, not shut up or obstructed, and therefore it was open." (pp. 790, 791.)

In the case before us the court found that the road was open "in fact" as well as "in law," and such finding is supported by the record. The nonuser statute, therefore, did not apply. The judgment is affirmed.

FONTRON, J., not participating.